CASE 75—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES— APRIL 26.

# City of Maysville v. Guilfoyle.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

CONTRIBUTORY NEGLIGENCE—PEREMPTORY INSTRUCTION—INJURY FROM DEFECTIVE STREET—KNOWLEDGE OF DEFECT.

Held:  1. Where plaintiff failed to use ordinary care, and by such failure contributed to her injury, and the court would, if a verdict should be returned in her favor, set it aside and grant a new trial, a peremptory instruction to find for defendant should be given; but, where the court is in doubt whether the evidence shows a failure to use the care of an ordinarily prudent person, the question should be submitted to the jury.
2. Where plaintiff, in going for a physician at a late hour of a dark night, fell into a low place in a sidewalk, the fact that she had

City of Maysville v. Guilfoyle.

knowledge of the defect is not such conclusive evidence of con-tributory negligence as to require the court to take the question from the jury, plaintiff testifying that she did not have the de-fect in mind at the time.

3. The court properly refused an instruction telling the jury to dis-regard certain testimony which had been admitted without ob-jection.

4. A city, having accepted and improved a street, assumed the duty of maintaining it throughout its breadth in a reasonably safe condition for travel.

JUDGE DuRELLE, DISSENTING.

E. L. WORTHINGTON AND THOS. M. WOOD, FOR APPELLANT.

The grounds of plaintiff's action in this case, are that appellant had negligently allowed a hole to remain in the street, into which she fell and broke her leg. The trial resulted in a judg-ment against the city for $2,000.

We rely on the following points and authorities for a reversal:

POINTS AND AUTHORITIES.

When a plaintiff's own testimony shows him to have been guilty of contributory negligence, it is the duty of the court to peremptorily instruct the jury to find for the defendant. Ja-cobs v. Ohio & Big Sandy R. Co., 20 Ky. Law Rep., 189.

When a person walks over a place which he knows to be dan-gerous, he must use care proportionate to the danger; to forget it and act just as if the danger did not exist is contributory negligence on his part.

Jones on Negligence of Municipal Corporations, sec. 221; Beach on Contributory Negligence, sec. 37; Baxter v. Troy R. Co., 41 N. Y., 502; Brucker v. Town of Covington, 69 Ind., 33; Buswell on Personal Injuries, sec. 165; Biount v. Grand Trunk Ry. Co., 61 Fed. Rep., 375; Schofield v. Chicago Ry. Co., 114 U. S., 615; Northern Pac. Ry. Co. v. Freeman, 174 U. S., 379; Church v. Howard City, 111 Mich., 298; Gilman v. Deerfield, 15 Gray, 577; St. Louis, etc., Ry. Co. v. Forbes, 39 S. W. Rep., 63; Wood v. Richmond & Danville R. Co., 100 Ala., 660; 3 Elli-ott on Railroads, sec. 1165; White v. Cincinnati Ry. Co., 89 Ky., 478; McQuillan v. Seattle, 45 Am. St. Rep., 799; Clarke's Admr. v. L. & N. R. R. Co., 18 Ky. Law Rep., 1082; L. & N. R. R. Co. v. Ricketts, 52 S. W. Rep., 939; 21 Ky. Law Rep., 662.

Acceptance as well as dedication is necessary to make a street a public street. City of Maysville v. Stanton, 12 Ky. Law Rep., 586.

Part of the land dedicated for a street may be accepted by the municipality without accepting all of it. 2 Dillon's Municipal Corporations, sec. 642, note 1.

Evidence of repairs made after the accident is incompetent. Jones on Negligence of Municipal Corporations, sec. 243; Columbia R. Co. v. Hawthorne, 144 U. S., 202; Corcoran v. Peekskill, 108 N. Y., 151.

A. E. COLE AND THOMAS R. PHISTER, FOR APPELLEE.

The place where plaintiff was hurt was a hole made by a wash, and which had been gradually made for five years, and was about a foot deep. The plaintiff knew of this hole, but on the night she was hurt she was aroused from her sleep about two or three o'clock in the morning to go and see her sister's child, who was reported to be dying. The night was cold and moonlight, but the moon had just declined behind the western hill and it was then dark, especially on the eastern side of the house where this hole was situated. She was not excited nor in a hurry, but she was not thinking of the hole at the time she fell into it. She was thinking of the sick child, and it was so dark she could not see the hole until she fell into it. Her uncontradicted statement is: "I did not slip nor stumble. I slipped down in the hole and lost my balance. I tried to catch myself, and threw my hands out, but this foot twisted under me and I came down."

It was five weeks before the surgeon unbandaged her foot, and she was seven weeks on the bed and she has suffered ever since and still suffers from her injury.

The appellant relies for a reversal, first, on contributory negligence, and, second, that the portion of the street where the injury occurred had never been accepted by the city as a street.

Neither of these defenses is sustained by the evidence. The facts were submitted to a jury by proper instructions, and the verdict and judgment should be affirmed.

## AUTHORITIES CITED.

89 Ky., 480, White v. Cincinnati, etc., Ry. Co.; 45 Am. Stat. Rep., 800, McQuillan v. City of Seattle; 9 Am. Rep., 730, Kelly v. Blackstone; L. & N. v. Wolfe, 80 Ky., 82; 1 Reporter, 365, L. Gas Co.; L. & N., 13 Rep., 460; Town of Albion v. Hetrick, 46 A. R., 230; Reed v. Bragg, 5 J. J. Mar., 620; Curl v. Beens, 3 J. J. Mar., 173; Munsell v. Bartlett, 6 J. J. Mar., 22; Trotter v. Saunders, 7 J. J. Mar., 321; Fightmaster v. Beasley, 7 J. J. Mar., 411; Chiles v. Boothe, 5 Dana, 566; Merritt v. Polly, 16 B. M., 356; Thompson v. Thompson, 17 B. M., 28; U. S. of S. v. Underwood,

11 Bush, 276; Bell v. Rowland, Hardin, 301; Gallatin v. Brad-
ford, 1 Bibb, 209; Dodge v. Bank of Kentucky, 2 Mar., 612;
Jackson v. Holliday, 3 Mon., 366; Gregory v. Nesbitt, 5 Dana,
421; Shea v. R. & L. T. P. R'd. Co., 1 Bush, 109; Slaughter v.
Morgan, 1 Met., 29; Stephens v. Brooks, 2 Bush, 138; Elliott on
Roads and Streets, 649, 650.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellee sought to recover for injuries received by
falling on a street of appellant. The defense is a denial
of liability because—First, the place where the injury oc-
curred was not a public street of the city; second, con-
tributory negligence of appellee. On trial, a verdict and
judgment for $2,000 was rendered, and, after appellant's
motion for a new trial had been overruled, this appeal is
prosecuted.

The question as to whether the street where appellee re-
ceived her injury was a public highway was submitted to
the jury under proper instructions from the court. There
is no complaint as to the instructions on this question.
Appellant's counsel seriously contend that the court should
have given a peremptory instruction to find for it on the
question of contributory negligence. The facts of the in-
jury proven by appellee herself are that she knew of the
defect in the walk, and that it had existed for some time;
that on the occasion of the injury appellee was called to
the house of a neighbor, her brother-in-law, in the night-
time, because of the serious illness of a child; that in going
to the neighbor's house she fell into the ditch or low place
in the sidewalk, and received the injuries complained of;
that when she fell into the ditch or low place she did not
have the defect in mind. It is contended that this testi-
mony of appellee herself precludes a recovery, and that a
peremptory instruction should have been given. The
question of negligence is always a question of a failure to

use care and caution. Appellee was bound to use the care and caution of an ordinarily prudent person. If she did this, she was not guilty of negligence; if she failed to use this care, she was guilty of negligence. This question of contributory negligence was submitted to the jury, and they were told that, if she was guilty of contributory negligence, she could not recover. Under the circumstances of the injury as proven, we are not clear that the appellee was guilty of contributory negligence at the time she fell and received her injury, and it is fair to presume that the trial judge was not clear that she failed to exercise ordinary care, and because of this doubt in his mind submitted the question to the jury. In this action there was no error.

Where the facts as proven satisfy the mind of the court that the plaintiff failed to use ordinary care, and by such failure contributed to the injury, and that if a verdict was returned in favor of the plaintiff the court would set it aside and grant a new trial, we think in such case a peremptory instruction should be given. But, as here, when the court is in doubt as to whether certain acts proven show a failure to use care of an ordinarily prudent person, it is proper to submit the question to a jury. It can not fairly be said as a matter of law that appellee was guilty of contributory negligence by forgetting for the time the existence of the defect. While this rule has been held in many States, so far as we are informed it has never been so held in this State. In the case of Vergin v. City of Saginaw (Mich.), 84 N. W., 1075, in a case very similar in the facts to this case, the supreme court of Michigan permitted a recovery. After citing numerous cases, the court said: "The circuit judge committed no error in submitting the question of plaintiff's contributory negligence to the

jury." In the case of McQuillan v. City of Seattle, 10 Wash., 464, 38 Pac., 1119, another case very similar in facts to this, the supreme court of Washington said: "The mere fact that the appellant, McQuillan, was aware of the defective condition of the sidewalk where the accident occurred, is not, *per se*, conclusive of negligence on his part, though it was competent evidence on the question of contributory negligence." Other cases might be cited, but these show the general doctrine.

We think the circumstances surrounding appellee at the time she was injured to be such as properly authorized a submission to the jury of the question of contributory negligence. Appellee is called up at a late hour of a cold, dark night, and notified that her brother-in-law's child is thought to be dying. She dresses, and starts to the bedside of the dying child, and in going along the sidewalk or side of the street where there is a defect, and having in mind the illness of the child, forgets the existence of the hole, and falls into it, and is injured. These facts may well be said to present a debatable question as to what an ordinarily prudent and careful person would have done under the same or similar circumstances, and, where such doubt exists or reasonably would exist, it is the province of the jury to determine the question of negligence.

An instruction was asked containing this clause: "The fact that, after plaintiff's injury, defendant ordered a sidewalk to be put thereon by the abutting property owners, can not be considered by the jury as showing any control thereof taken by the city prior to the injury." It is insisted that this instruction should have been given. The testimony which this instruction would require the jury to disregard was admitted without objection, and, if improper, should have been objected to when offered.

We think the proof clearly shows that Lee street, on which appellee was injured, was a regular accepted street of the city, and had been improved prior to the injury. While it may be true that, at the particular place that caused the injury, no improvements had been made, yet the street had been accepted and improved by the appellant, and, having accepted the street as a public highway, it assumed the duty to maintain same throughout its breadth in a reasonably safe condition for travel. Finding no error, the judgment appealed from is affirmed, with damages.

Judge DuRelle dissents.