CASE 46.—PROSECUTION AGAINST TOM HARDY FOR BRING-
        ING LIQUOR INTO A LOCAL OPTION DISTRICT.—
        January 22.

# Commonwealth v. Hardy

Appeal from Cumberland Circuit Court.

H. C. BAKER, Circuit Judge.

From a judgment sustaining a demurrer to the
indictment the Commonwealth appeals.   Affirmed.

Local Option Districts—Carrying Whisky Thereto for Hire—Indict-
    ment—Insufficient Allegations.—Under an act to regulate the
    carrying, etc, of intoxicating liquors into local option districts
    (Acts of 1906, page 320), providing "that every firm, common
    carrier, corporation or individual who receives pay for con-
    veying vinous, malt or spirituous liquors shall be deemed
    a violator of the provisions hereof," an indictment against
    an individual for carrying whisky into a local option district
    and delivering it to another, which failed to allege that he
    received pay therefor, is not good.

C. R. HICKS for appellant.

N. B. HAYS and C. H. MORRIS, of counsel.

Our contention is that the mere bringing into and delivering
of spirituous liquors into a local option district, is a violation of
chapter 63 of the Act of the Legislature of Kentucky of 1906,
to regulate the carrying, etc., of intoxicating liquors into such
districts, whether the person carrying and delivering the liquor,
does it for hire or not.

(No brief in record for appellee.)

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellee, Tom Hardy, was indicted by the grand jury of Cumberland county, charged with the offense of "bringing into, and delivering, spirituous, vinous, and malt liquors, to another person," in a district where the sale of intoxicating liquors had been prohibited. The indictment was drawn under an act of the General Assembly of the commonwealth of Kentucky entitled "An Act to regulate the carrying, moving, delivering, transferring or distributing of intoxicating liquors in local option districts." Acts of 1906, p. 320, c. 63. Section 4 of the act in question contains the following proviso: "Provided further, that the provisions of this act shall only apply to common carriers, corporations, firms or individuals who usually carry freight or goods for hire, and every firm, common carrier, corporation or individual who receives pay for conveying vinous, malt or spirituous liquors shall be deemed a violator of the provisions hereof."

A general demurrer was sustained to the indictment because it failed to charge that the accused brought the liquor into the prohibited district and there delivered it to V. A. Vaughn for pay. The correctness of the judgment of the court in dismissing the indictment for the reason above stated is the question arising on this appeal.

The proviso in section 4 limits the operation of the act to common carriers, corporations, firms, or individuals who usually carry freight or goods for hire; and they are guilty of an offense under the statute only when they receive pay. Of course, if it were alleged that the defendant was a common carrier, it

would be presumed that he carried the prohibited goods for pay; but, as there is no such allegation as to the defendant, nor any that he received pay for carrying and delivering the liquor, the indictment fails to state a cause of action against him. If it had been alleged that the accused was paid for the delivery of the liquor, the indictment would have been good. The statute is aimed at carriers for hire; the Legislature evidently deeming that, if these were prohibited from carrying the forbidden freight, the evil sought to be eradicated would be stamped out.

The demurrer to the indictment was properly sustained, and the judgment of the trial court dismissing it is therefore affirmed.