## City of Henderson v. Dennis.

(Decided January 29, 1914.)

### Appeal from Henderson Circuit Court.

Municipal Corporations —Torts —Defective Sidewalks —Contributory Negligence.—The mere fact that the injured person had knowledge of the defective condition of the sidewalk is not per se conclusive of negligence on the part of such person; and where the injured person admits that he knew of the defect, but was going to his work early in the morning before it was full daylight, and that there was a thin covering of snow over the icy place in question, and he momentarily forgot the existence of the icy place, it was proper to submit the issue of contributory negligence to the jury.

JOHN C. WORSHAM for appellant.

YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Stanley Dennis, the appellee, was injured by falling upon some ice on the sidewalk adjoining the plant of the Delker Brothers Buggy Company, on Green street, in

the city of Henderson. He sued the city for damages therefor. The city made its answer a cross-petition against the .Buggy Company; and upon the trial, the jury returned a verdict in favor of plaintiff in the sum of three hundred dollars, giving the city of Henderson judgment over against the Buggy Company in the sum of one hundred dollars. The city of Henderson appeals.

It appears from the evidence that for sometime prior to the date of the injuries received by appellee, the Buggy Company had been draining the water from its washing tank, down the side of the brick wall of its building through a metal pipe into the sewer; but for some weeks prior to said date, the drain connecting with the sewer had been out of repair, and the water was discharged on the sidewalk.

About January 1, 1912, a street inspector of the city of Henderson discovered an accumulation of ice on the sidewalk where this down-spout discharged; and he notified the Buggy Company to throw salt, ashes or sawdust thereon. On the 6th of January, 1912, appellee was injured by slipping and falling on said ice. He was an employe of the Buggy Company, and admitted that he had crossed this icy place four times a day in going to and from his work, and knew the ice was there. Because of this knowledge, the city contends that he cannot recover.

Appellee testified that there was a thin covering of snow over this icy place at the time he was injured; that he was on his way to work. He says "I was walking along at a good speed; it was cold; and it may have been spitting a little snow; I struck the place before I knew it. * * I was going along, and the snow was there and I couldn't see it. * * * I could see a man or something like that but it was hardly good daylight."

This court has many times held that the mere fact that the injured person was aware of the defective condition of the sidewalk, is not *per se* conclusive of negligence on his part. City of Maysville v. Guilfoyle, 110 Ky., 670, 62 S. W., 393, 23 R., 43; City of Carlisle v. Secrest, 75 S. W., 268, 25 R., 336; West Ky. Tel. Co. v. Pharis, 78 S. W., 917, 25 R., 1838; City of Brownsville v. Arbuckle, 99 S. W., 239, 30 R., 414. It was, therefore, proper, under this testimony, to submit to the jury the issue of negligence on the part of the plaintiff.

The case of the Town of Belleview v. England, 118 S. W., 994, relied upon by appellant, is not in conflict with the line of authorities, of which the cases cited above are illustrative. In that case, it was said that one is not compelled to keep off the street because it is known to be in an unsafe condition; that if there are other ways safer than the one he travels, he will be held to be negligent, if he, with *knowledge* of the conditions, voluntarily assumes the more hazardous. The knowledge therein referred to is not a general knowledge, but a *present* knowledge, existing at the very moment of the injury. Under the rule laid down in the authorities above cited, and long adhered to by this court, whether it is negligence for one who has knowledge of the defect to momentarily *forget* it, under circumstances like this, is a question for the jury; and that issue the jury, under proper instructions, has determined in appellee's favor.

Judgment affirmed.