## Krieger v. Louisville Water Co.

(Decided March 22, 1938.)

W. J. GOODWIN for appellant.

DAVIS, BOEHL, VISER & MARCUS for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

Margaret Smith Krieger appeals from a judgment based on a directed verdict. Her action is grounded on the alleged negligence of the Louisville Water Company in permitting its water key box that it had on the sidewalk on Cabel street, in the city of Louisville, Jefferson county, Ky., to become and remain in a dangerous condition, and by reason thereof she in using the sidewalk near her home and place of business struck it with her foot, causing her to fall against the sidewalk, to her damage in the sum of $5,100. Appellee, answering, denied all material allegations of her petition and affirmatively pleaded that her damage and injury, if any, was the direct result of her own contributory negligence; that her contributory negligence was the proximate

cause of her injury. On those issues her case was tried before a jury. After the evidence offered by her was heard, upon motion of appellee, the court directed the jury to return a verdict for appellee, which was done.

The evidence is brief. Appellant was the only witness who stated how her injury occurred. At the time of her alleged injury she was a widow and bore the name of Margaret Smith. After the institution of her action she married Raymond L. Krieger. An amendment was filed alleging that fact. The court ordered that her action proceed in the name of Margaret Smith Krieger. At the time of her injury she conducted a small store, in which she furnished food for her customers. Her store fronted on Cabel street, and her residence was in the rear of the store, at No. 1206 Franklin street. About 7:30 o'clock in the evening, on February 13, 1936, and after dark, she was serving food to her customers, who were railroad employees. It became necessary, in order to secure change for her railroad customers, to pay her for the food they had purchased. She had to leave the store and go out in the city to secure the change. Her automobile was parked at the curbing on Cabel street. She went from her store through the door on Cabel street onto the sidewalk for the purpose of going to her automobile. It was dark. She could not see where she was traveling. In crossing the sidewalk, the heel of her shoe caught in the water key box, causing her to fall heavily upon the brick sidewalk, injuring her to such an extent that she could not get up. She was picked up and carried into the house. At the time there was a light on Cabel street, but there is no evidence of its location or whether it made the water key box visible to her. The water key box had been in the sidewalk in its unsafe and dangerous condition for two years or more. It protruded above the level of the sidewalk about three inches. Her purpose was to get the change for the railroad men who, on account of their duties, had little time to wait. She walked rapidly across the sidewalk in the dark, not thinking of the water key box or its protruding position in the street. She did not see it at all. She had seen it before and knew it was there. She had been living at this place for about six months and, in going through the gate and over the sidewalk, had noticed it often, just casually, but at this time she was thinking only about getting the change and hurrying back to her customers who were

in her store at the time getting their supper. It was too dark to see the water key box. The injury received by her was abundantly established. A photograph was introduced in evidence showing the condition of the sidewalk and the water key box therein, which showed that it was in a dangerous condition for the use of pedestrians.

Appellee relies chiefly upon the plea of contributory negligence of appellant, as its main defense. The negligence of appellee as to the condition of the water key box is abundantly shown. Its condition is obvious and apparent from the photograph in evidence. It is insisted that as appellant knew of the dangerous condition of the water key box in the sidewalk for the six months that she had lived there, it was per se contributory negligence on her part in walking over it in the way and under the circumstances admitted by her. For that reason she was precluded from recovering damages for her alleged injury. Does that fact coupled with the other facts related by her, authorize the court, as a matter of law, to say that her use of the sidewalk where this obstruction was located, was contributory negligence? In other words, did the related evidence, when accepted as true, authorize the court, as a matter of law, to give to the jury a peremptory instruction? We think not. To do so, the court, in effect, assumes the authority, solely and exclusively given to the jury, in passing upon disputed facts. That is the sole prerogative of the jury.

As we said in Prather v. City of Louisville et al., 243 Ky. 753, 49 S. W. (2d) 1001, 1002:

"There may be obstructions or holes in the street of such size that a pedestrian who knows of their presence, and was injured by them, will be guilty of contributory negligence as a matter of law."

But the condition, in the instant case, where the water key box protruded three inches above the sidewalk, is not of that kind. The obstruction was not easily discovered by one walking in the dark. It is usually a question for the jury, in case of an accident, whether or not the person using the street was, at the time, proceeding with proper care for his own safety. City of Providence v. Hunter, 231 Ky. 72, 21 S. W. (2d) 135; City of Paintsville v. Spears, 242 Ky. 762, 47 S. W. (2d) 727.

In the case of City of Louisville v. Brewer's Adm'r, 72 S. W. 9, 11, 24 Ky. Law Rep. 1671, where the facts were similar to those in the instant case, we said:

"In The City of Maysville v. Guilfoyle, 110 Ky. 670, 62 S. W. 493, [23 Ky. Law Rep. 43], the proof showed that the appellant knew of the defect in the street, but momentarily forgot its existence, and the contention was there made that this was such contributory negligence as to preclude recovery. The court said: 'It cannot be fairly stated, as a matter of law, that appellee was guilty of contributory negligence by forgetting for the time the existence of the defect. So far as we are informed, it has never been so held in this state.' And it was held in that case that the question of contributory negligence should go to the jury."

We think the facts in this case brings it within the rule of the preceding cases, supra, and in many other cases of similar import, of this court that might be cited if thought necessary. The knowledge of the obstruction in the sidewalk and the use thereof with that knowledge is not contributory negligence, as a matter of law, from the undisputed facts, as related in this case. At the time appellant used the sidewalk and when the accident occurred, it was at night and dark, and she did not see or think of the obstruction, as her mind was concentrated on the thought of obtaining change for her customers. It was a question for the consideration of a jury, as to whether or not appellant used ordinary care, in using the sidewalk in the manner and at the time shown by the evidence, for her own safety.

Having reached this conclusion, the judgment is reversed, with directions for further proceedings consistent herewith.