## City of Olive Hill v. Counts.

May 8, 1942.

Theobald, Theobald & Theobald for appellant.

Dysard & Dysard and Wm. Hubert Counts for appellee.

Opinion of the Court by Judge Fulton—Reversing.

The city of Olive Hill appeals from a judgment for $1,750 obtained by appellee, A. J. Counts, for damages for personal injuries sustained in a fall on a sidewalk of the city.

There is little dispute as to the facts, which are substantially as follows: In 1926 or 1927, while appellee was police judge of Olive Hill, the owner of property abutting on Railroad Street constructed a sidewalk and, in doing so, placed therein a flight of three steps on account of the necessity to overcome a steep grade. There can be little question that the steps as constructed contained the potentialities of danger to pedestrians using them, since they were very uneven and irregular. The first riser is 8½ inches high and the first tread is 9¼ inches deep at one end and 10 inches at the other; the second riser is 6 inches high at one end and 5½ inches at the other; the second tread is 5½ to 6 inches deep; the third riser is 6 inches high at one end and 7 inches at the other. It is readily seen that the irregular dimensions, especially the variation in the second step, would have a tendency to cause one using the steps to fall.

Appellee lived within 300 feet of the steps and had used them several times a day since their construction. He says he protested to the council about them while they were being constructed. On the night he was injured he passed down the steps as he was going to town and remarked that they were dangerous and someone was liable to get hurt on them. It is shown that one or more people had fallen on the steps. On his way back home that night appellee had started up the steps when, after having placed his foot on the second tread and attempting to proceed further, his foot slipped from the second tread and he fell and fractured his kneecap. His own version of how his fall occurred was as follows:

> "I was simply going home. I stepped this step right there (indicating) that foot (right foot), then I put this foot right up there just like that, just I judge possibly like I am now, then I went to raise my feet up right to the next one, that foot went right back this way, only comes half, hardly half of my foot, that just slipped back down this way and that knee hit that concrete edge right square there, just bursted."

He further testified that his mind was occupied with thinking about a settlement of a lawsuit he had just effected and, in his own words, "I was simply going along there, naturally studying about something else and I never gave a thought to it at that particular time until I fell, when I stepped on that little short step and fell."

It further appears that a path leads around the steps, the path being out in the street, and that this path is frequently used by persons who feared to use the steps. Appellee testified that he sometimes used the path because of the faulty construction of the steps, especially when the steps were slippery.

There was some evidence to the effect that appellee was drinking, or drunk, at the time in controversy, but it was overwhelmingly established by other witnesses that he was duly sober.

At the outset it must be admitted that the evidence was sufficient to establish negligence on appellant's part. The method of construction of the steps was such as to have a tendency to cause persons to fall. However, mere proof of negligence is not sufficient to entitle one to damages, since it must appear that the proven negligence was the proximate cause of the injury; and even when this is established, the plaintiff's action may be defeated if he was guilty of contributory negligence.

While, as indicated, the evidence established negligence on appellant's part, it may well be doubted that it was sufficient to show that such negligence was the proximate cause of appellee's injuries. It is true he fell on steps negligently constructed and inherently dangerous, but it is doubtful if his own testimony shows that he fell because of the dangerous condition. The effect of his testimony (quoted above) is merely that after he had negotiated the first step and placed his foot on the second and shallow tread, preparatory to rising to the third

step, his foot slipped from the shallow tread. As far as his testimony goes, this may have been pure carelessness on his part, since it does not appear that he placed his foot as far on the shallow tread as the depth of that tread permitted. As a matter of common knowledge we know that falls frequently occur on perfectly constructed steps in exactly the same manner as that detailed by appellee, namely, by reason of the slipping of a foot from the tread when it has not been placed far enough thereon. Appellee's testimony is subject to two inferences, one that he fell as a result of the faulty construction of the steps and the other that he fell as the result of his own carelessness. This being true, appellee failed to make out a case.

But even though it be assumed that appellee's fall occurred by reason of faulty construction of the steps, we are nevertheless convinced that he was guilty of contributory negligence as a matter of law since he was using steps which he knew to be dangerous and which it was not necessary or imperative that he use. In these circumstances he assumed the risk of injury from any fall he might sustain. It is most earnestly argued by counsel for appellee that the evidence shows that appellee did not have his mind on the steps and that one who momentarily forgets the existence of a defect in a street and is thereby injured is not guilty of contributory negligence. Many cases such as City of Dayton v. Lory, 169 Ky. 94, 183 S. W. 252, and Krieger v. Louisville Water Company, 272 Ky. 746, 115 S. W. (2d) 286, are cited, which hold that the failure of a pedestrian to see the defect or obstruction on the sidewalk on account of diversion of his attention does not as a matter of law establish negligence on his part. There is no doubt that this rule is firmly engrained in our law, and we have no desire to disturb it or to impinge upon it. But in each and all of the cases of this character the pedestrian was unconscious or oblivious of the obstruction or defect until disaster was upon him—the cases involve defects or obstructions such as holes in the street, water boxes, projections into the street or other obstructions with which the pedestrian came into contact while unaware that he had arrived at the danger point in the sidewalk.

But such was not the case before us. Appellee was not unconscious or oblivious of the existence of the steps —he did not momentarily forget or stumble over them.

He had actually negotiated one of the steps and was preparing to proceed further. He necessarily knew then that he was on steps known to him to be dangerous. Indeed, his testimony shows that such was the case. His testimony giving details as to the manner of his fall and how it occurred is irreconcilable with a state of oblivion or momentary forgetfulness. Since he knew he was ascending steps known to him to be dangerous, it was incumbent on him to use them in such a manner as to protect himself from injury—this he could have done as he had done thousands of times before or he could have prevented injury by using the path he had used many times before to avoid using the steps.

In many cases the line between contributory negligence as a matter of law and contributory negligence as a jury issue is hazy and indistinct. This case falls in that category but does not relieve us of the responsibility of locating the line and determining on which side thereof the case falls. It is our conclusion that appellee was guilty of contributory negligence as a matter of law and that a verdict should have been directed for appellant.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.

The whole Court sitting.