## Bryant v. City Of Louisville.

January 27, 1948.

William H. Field, Judge.

Robert Hubbard for appellant.

S. M. Russell for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant, a married woman about 60 years of age, sought to recover for an injury received when she fell on one of the city's pavements. The petition alleges that the pavement at the point where she fell was in a dangerous condition, and had been permitted to remain so for a long time prior to her injury. Appellee by answer denied all material allegations of the petition and countered with a charge of contributory negligence; a reply in denial joined issue.

At the close of plaintiff's evidence the court sustained defendant's motion for a peremptory instruction; the jury acted accordingly and judgment was entered for defendant. This appeal presents the question as to whether or not as a matter of law, gauged by appellant's evidence, appellee was entitled to a directed verdict.

Mrs. Bryant lived at 616 East Market Street. She and her husband were attendants at a church on the north side of Jefferson Street, east of Shelby. In going to and from church, which they regularly attended on Sundays, they went from Market to Jefferson on Shelby, generally when the traffic lights were right, through Clay Street. There is an alley between Jefferson and Market on Shelby, and on the east sidewalk, about 5 feet from the alley there was a depression, a worn place in the concrete, about 5 feet in length, 14 inches in width near the alley, and tapered from a feather edge to $2\frac{1}{2}$ inches at the deepest point, which appears from photographs filed to have run crosswise on the sidewalk.

On September 1, 1946, Mrs. Bryant, her husband, daughter and son-in-law, had attended church. They chose to walk on the east sidewalk of Shelby Street. Apparently, as she was nearer to the alley, she tripped and fell, her body going forward into the alley. She suffered a broken arm, near the wrist, and other injuries which interfered with her regular work, (rooming-house keeper) for some time and caused her considerable pain and suffering.

Mrs. Bryant testified that as they were returning from church she and the daughter, walking just behind the husband and son-in-law, were discussing the morning's sermon; "We were just walking along talking; of course I did not see the hole." She says she stumbled and fell into the alley; the daughter failing in her effort to grab and steady her, as she began to fall.

The proof shows that Mrs. Bryant and other members of her family had walked on the east side of the street many times and had observed the depression which they say had been here for a period of from six months to one year. It is because of this undisputed fact that counsel takes the position that having knowledge of the obvious depression "and its dangerous con-

dition,'' and being a mature and intelligent person, the proximate cause of her injury was not ''the city's negligence, but plaintiff's contributory negligence, as a matter of law.''

In his oral instruction to the jury, which is made part of the record, the Judge said: ''It must be shown that the condition was not so obvious as that she must have seen and known of it in using the highway. Here the plaintiff testifies that she knew of this depression, and had seen it. Now that alone is not sufficient, ordinarily, to charge the party injured with negligence. A person who uses the sidewalks has the right to assume that the city has maintained them in a reasonably safe condition. The mere fact that a person knows of the defect does not necessarily put him out of court, because people do not go along the street keeping their eyes on the sidewalk in front of them. They are not required to; careful people are not required to do that, so the mere fact that plaintiff knew of this situation is alone indicative, but not conclusive.'' The opinion then describes the depression and resumed: ''The fact that plaintiff knew that the condition existed and had seen it, is immaterial; this defect, it seems to me, was so open and obvious that a person could not avoid seeing it. Applying this principle of well settled law to the case, the plaintiff ought to have seen the condition; ought to have discovered it in using the sidewalk although she was not required to keep her eyes on the sidewalk. Therefore, I think the plaintiff has failed in making a case which the city has to answer; the plaintiff in using the sidewalk did not exercise for her own safety that which the law requires, ordinary care.''

As a general proposition the court epitomized the law in respect of the city's duty, and as to what actions or failure to act on the part of the complainant, constitutes contributory negligence. However, as indicated by the court, the plaintiff although she had seen the depression, was not required to keep her eyes at all times on the sidewalk. This resolves the question down to the proposition whether or not, at the time of the injury, she was guilty of contributory negligence; whether at the time she was exercising care for her own safety. This presents, we think, a question for the jury, not to be determined as a matter of law.

Appellee has furnished us with well prepared briefs citing several cases bearing on its contention that appellant was guilty of contributory negligence as matter of law, and in distinguishing the several cases cited by appellee holding to the contrary, under stated facts and circumstances. It would consume much time and space for us to take up, discuss or attempt to distinguish the opinions cited. One case cited by appellee with reliance, wherein we held that defendant was entitled to a peremptory as a matter of law, is Cecil v. Oertel Co., 239 Ky. 825, 40 S. W. 2d 328, but the facts there, except in one particular, were so different from those here, that it is not applicable. We did say that the rule is that one may not blindfold himself and proceed along a sidewalk oblivious of the fact that other people are using it or that trap doors may temporarily be open.

The question of contributory negligence is ordinarily one for the jury, but where the facts are such that there is no room for a reasonable difference of opinion among fair-minded and intelligent men, the court may and should pass upon it as a matter of law. Poynter v. Alfred Struck Co., 169 Ky. 126, 183 S. W. 461; McMurtry's Adm'x v. Kentucky Utilities Co., 194 Ky. 294, 239 S. W. 62.

As stated in Chesapeake & O. Ry. Co. v. Pope, 296 Ky. 254, 176 S. W. 2d 876, 878, "One who chances a risk or risks a chance and loses must suffer the consequences." As in that case so in this no question was made as to the negligence of the defendant. "It may be supposed that the plaintiff, as a mail carrier who passed along this way daily, knew the hole was there. But in this jurisdiction a pedestrian may 'walk by faith' on a public sidewalk, using reasonable care for his own safety. He is not obliged to anticipate negligence on the part of anyone else. * * * The fact that he knows generally of a defective condition in it does not of itself constitute conclusive evidence of negligence on his part. City of Paintsville v. Spears, 242 Ky. 762, 47 S. W. 2d 727; Krieger v. Louisville Water Co., 272 Ky. 746, 115 S. W. 2d 286. It is a matter to be considered on the question."

In the Krieger case we held that a pedestrian who was injured by tripping over an obstruction in a sidewalk was not guilty of contributory negligence as a

matter of law, although she had known of the defective condition for many months before the injury. We referred to this case in City of Olive Hill v. Counts, 290 Ky. 588, 162 S. W. 2d 14; and in holding peremptory instruction for defendant proper, on other grounds stated, made a distinction. We said (290 Ky. 588, 162 S. W. 2d 16) as to the Krieger case, and City of Dayton v. Lory, 169 Ky. 94, 183 S. W. 252, these and others, "are cited, which hold that the failure of a pedestrian to see the defect or obstruction on the sidewalk on account of diversion of his attention does not as a matter of law establish negligence on his part. There is no doubt that this rule is firmly engrained in our law, and we have no desire to disturb it or impinge upon it. But in each and all of the cases of this character the pedestrian was unconscious or oblivious of the obstruction or defect until disaster was upon him—the cases involve defects or obstruction such as holes in the street, water boxes, projections into the street or other obstructions with which the pedestrian came into contact while unaware that he had arrived at the danger point in the sidewalk."

In the Counts case we found from the proof that plaintiff was using steps which he knew to be dangerous. In this case no one goes so far as to say that the defect was obviously dangerous, though the defect was obvious. The proof shows that the depression was about 5 feet long, ranging in depth from nothing to about 2½ inches, and some proof shows that it was partially filled with dirt. We gather from the proof that Mrs. Bryant fell or tripped as she reached the deeper point near the alley. This was a lurking, dangerous spot to one using the sidewalk. The danger or possibility of tripping or falling was not so obvious.

In many cases the line between contributory negligence as a matter of law and contributory negligence as an issue for the jury is hazy and indistinct, but from the cases cited, and from the proof shown, and the trial court's resume, we have little difficulty in locating the line, and concluding that the court was in error in holding that appellant was guilty of contributory negligence as a matter of law.

The judgment is reversed for new trial and proceedings consistent herewith.