## MORRISON & CONKLIN CONST. CO. v. COOPER.

Court of Appeals of Kentucky.

March 27, 1953.

Eugene B. Cochran and Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

Jack L. Richardson and Marvin Werle, Louisville, for appellee.

CLAY, Commissioner.

Appellee recovered a judgment against appellant, a construction company, for personal injuries sustained by her when she slipped in the mud on a neighbor's lawn and broke her ankle. A number of questions are raised on this appeal, but we believe the issue of appellee's contributory negligence, or what may otherwise be termed "assumed risk", is controlling.

Appellee resided on the south side of Cornell Place between Willis and Wilmington Avenues in St. Matthews. Appellant was engaged in constructing a sewer line through Cornell Place. Substantially all of the street in this block had been made impassable. On the day of the accident appellant was excavating lateral ditches from the trunk sewer in the center of the street to the property lines on the south side, and this necessitated cutting through the south sidewalk at various places. In the use of its digging machine, appellant deposited clods of dirt on the adjoining lawns.

About mid-afternoon preceding the accident a heavy rainstorm compelled appellant's employees to cease operations. The clods of dirt turned to mud. That evening, before dark, appellee and her husband walked westerly from their home across the lawns of their neighbors to reach Wilmington Avenue and their parked car. They returned about 10:00 o'clock in the evening, after dark, and were retracing their steps from Wilmington Avenue. As they crossed the second lawn from the corner appellee slipped and fell, with the resultant injury.

Appellee testified that she "knew the ground was bad and the clods of mud were there". She was proceeding "as if walking on eggs" in order to avoid the slippery places. Although aware of the obvious hazard, she made a misstep.

Appellant raises a question concerning the basis of liability set forth in appellee's petition, but we believe it sufficiently alleged the negligent creation of a hazardous passageway which she had a right to use. For our purposes we will assume appellant negligently breached a duty it owed to her, although there may be some doubt that an injury of this nature to one who had notice of the condition could reasonably have been foreseen.

This Court is committed to the doctrine that a person may be charged with contributory negligence as a matter of law where such person appreciates a danger and carelessly or deliberately walks into it. Our most recent case which, without other authorities, would be controlling is Fisher v. Hardesty, Ky.1952, 252 S.W.2d 877. There a woman slipped on an ice-coated vestibule floor as she was leaving a drugstore. She was aware of the hazardous condition created by the mopping of the vestibule in freezing weather. There we held the plaintiff did not exercise due care for her own safety and was guilty of contributory negligence as a matter of law. That case and the present one cannot be distinguished.

In other cases where the same result has been reached, we have stressed the fact that the plaintiff, with full knowledge of a hazardous condition or situation, had assumed the risk of injury and could not recover.

In some of those cases it was stated that assuming the risk is in substance the same as contributory negligence as a matter of law. See Poole v. Lutz & Schmidt, Inc., 273 Ky. 586, 117 S.W.2d 575; Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021; City of Olive Hill v. Counts, 290 Ky. 588, 162 S.W.2d 14; Seelbach, Inc. v. Mellman, 293 Ky. 790, 170 S.W.2d 18; Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83. Other cases involving a factual situation similar to the one we have before us, where we held the defendant entitled to a directed verdict on a different but closely related theory, are Curtis v. Traders Nat. Bank, 314 Ky. 765, 237 S.W.2d 76; and Wheeler v. Southeastern Greyhound Lines, Inc., Ky. 1951, 238 S.W.2d 145.

Appellee argues that the foregoing cases are not applicable because in each of them the plaintiff had a choice to avoid the danger, which it is said she did not have in the present case. It is insisted that since this was the only practicable means of ingress and egress to and from her home she could not do otherwise but take the risk. We might point out that in the Fisher case, first cited above, the plaintiff had no other way of leaving the drugstore except by walking through the vestibule where she fell.

It seems to us that appellee has mistaken the nature of the choice she had. While we may assume it was necessary to use this passageway to reach her home, she still had a choice to avoid injury. By the exercise of increased care, by obtaining a flashlight, or by resorting to other means for her own safety, traversing the lawn would not necessarily result in injury. This is shown by the fact that she had successfully walked across it earlier in the evening, and her husband who accompanied her did not fall on either trip. She cannot make appellant an insurer simply by asserting that she had no other choice to avoid injury.

If on the other hand the passageway was so dangerous that in using it she could not avoid injury, then she still had the choice of seeking some safer passage or compelling appellant to remove the hazard. If there had been an emergency, the situation would be different, but there was no emergency. To point up the fallacy of appellee's argument, we might assume appellant had loosed a raging lion in her front yard. Shortly thereafter she finds it necessary to go to the grocery store. She has no choice, if her mission is to be accomplished, but to walk through her front yard. Knowing of the presence of the lion, and its obvious propensities for harm, we could not justify a recovery for the loss of a limb if she ventured forth into the front yard.

Appellee has cited a number of cases wherein the question of contributory negligence was submitted to the jury. An examination of these cases reveals that the danger to which the plaintiff subjected himself was not imminent and obvious. As a matter of fact, at least two of those cases recognized the rule that a person may be held contributorily negligent as a matter of law if the danger was so imminent and obvious that a person of ordinary prudence would not subject himself to it. In the present case appellee's counsel admits that she "knew of the danger". Her own testimony establishes that she fully realized she was taking a risk of slipping in the mud. Her injury was the precise experience she was attempting to avoid. She cannot charge appellant with her own misjudgment, if it was misjudgment.

In this type of case the principles underlying the doctrine of assumed risk may be more appropriately applied than those of contributory negligence. The latter connotes the doing of an act which the ordinarily prudent person would not have done. In the case before us, other reasonable persons may, and perhaps would have attempted to negotiate this passage. In doing so, however, such person assumes the risk of injury to the extent that he will absorb his own loss. Whatever the theory, he may not recover on the ground that the injury was the sole fault of another.

On the record before us, the trial court should have directed a verdict for appellant.

The judgment is reversed.