## CRAIN v. CITY OF LOUISVILLE.

Court of Appeals of Kentucky.
June 12, 1953.

Julius Leibson and Charles Leibson, Louisville, for appellant.

Gilbert Burnett and S. M. Russell, Louisville, for appellee.

CAMMACK, Justice.

Mrs. Myrtle Crain instituted this action against the City of Louisville to recover damages for injuries she sustained when her foot caught on an elevation or lift in the sidewalk, thereby causing her to fall. The accident occurred at night. Mrs. Crain had lived for six or seven years about two doors from the defective place in the sidewalk, which defect had been there all that time, and she was fully aware of its existence. Her explanation as to the manner in which the accident happened was that she was talking with Miss Pence, who was walking with her, and never gave the defect in the sidewalk a thought.

The case was submitted to a jury and the finding was in favor of the city. On this appeal it is contended that the instructions were erroneous. There is also a question as to whether the court reporter properly made a correction in the written instructions after Judge Field had instructed the jury orally. Since we have reached the conclusion that a directed verdict should have been given in favor of the city because of Mrs. Crain's contributory negligence, it is unnecessary for us to discuss the questions raised.

Counsel for Mrs. Crain cite cases in support of their contention that it is a well-settled rule that a pedestrian is not guilty of contributory negligence by failing to remember a defect in a sidewalk. See City of Brownsville v. Arbuckle, 99 S.W. 239, 30 Ky.Law Rep. 414; City of Lancaster v. Walter, 80 S.W. 189, 25 Ky.Law Rep. 2189; Krieger v. Louisville Water Company, 272 Ky. 746, 115 S.W.2d 286. In the case of Blocher v. Dieco, 99 S.W. 606, 30 Ky.Law Rep. 689, it was pointed out, however, that knowledge of the defect by the plaintiff did not as a matter of law preclude him from recovering damages if he was at the time using reasonable care to prevent injury to his person, although it was proper to consider it on the question of contributory negligence.

The majority opinion in the case of Monroe v. City of Louisville, 278 Ky. 648, 129 S.W.2d 119, also may be classed in that category of cases. However, a careful analysis of that opinion will show distinguishing features in the facts and circumstances from those of the earlier cases on the subject.

In his dissenting opinion in the Monroe case Judge Stites pointed out that, to him, there was an obvious distinction between that case and the Krieger case. In the latter one the plaintiff fell over a water box in an otherwise smooth sidewalk. In the Monroe case the entire surface of the street was rough and uneven and had been in that condition for many years. It was the view of Judge Stites that one who walks over such a street with knowledge of its condition should exercise some care for his own safety.

We take the same view in the case at bar. Mrs. Crain was fully aware of the defective condition of the sidewalk, and we do not think that she should be excused from contributory negligence by saying that she never gave a thought to the defect as she was walking along the street with Miss Pence. Those cases where there has been a contrary ruling, when the injured person had full knowledge of the defect in the sidewalk, are hereby overruled.

Judgment affirmed.