**Eldon (Curley) ARMSTRONG et al.,
Appellants,**

**v.**

**Marie McGUIRE, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1955.

O. F. Duval, Olive Hill, for appellants.

H. R. Wilhoit, Grayson, W. H. Counts, Olive Hill, for appellee.

SIMS, Judge.

Plaintiff, Marie McGuire, obtained a judgment for $1,500 damages for personal injuries suffered in a fall she alleged was caused by the negligence of defendants. On motion for an appeal defendants insist: 1. the notice of appeal was not sufficient to give this court jurisdiction; 2. the trial judge violated CR 26.04(4); 3. a verdict should have been directed in their favor.

Defendants, Eldon Armstrong and wife, owned a lot abutting Scott Street in the town of Olive Hill and they employed C. C. Tackett and Harlan Kash to construct a building on it. The petition alleged that in the construction of the building the four named defendants negligently obstructed the sidewalk and plaintiff tripped and fell over the obstruction and suffered a broken leg and other personal injuries to her damage in the sum of $10,170. The answers denied negligence on the part of defendants and pleaded contributory negligence of plaintiff. The Armstrongs in their separate answers pleaded that Tackett and Kash were independent contractors and if the latter were negligent, the Armstrongs were not liable therefor. But this question is not argued in briefs, therefore it is waived.

This case was practiced under the Civil Rules. Before the case was submitted, plaintiff's motion to dismiss the appeal was overruled and we now set out the reason for that order.

The notice of appeal was "from the judgment and order overruling motion and grounds for new trial entered in this action on June 7, 1954." The record shows the verdict was returned March 10, 1954; motion to set aside the verdict and grant a new trial was served March 15, and judgment was entered March 17. The order overruling the motion for a new trial was entered June 7, 1954.

■ Since the notice of appeal recites that defendants "will file a motion for appeal" to be taken "from the judgment and order overruling motion and grounds for new trial entered in this action on June 7, 1954," defendants insist the notice was for an appeal from the order overruling the motion for a new trial rather than from the judgment, as is required by CR 73.03. But here the notice expressly says the appeal is from the judgment. The fact that the notice also included the order overruling the motion for a new trial, and gave the date of the latter rather than the date of the judgment, does not make the notice of appeal fatally defective. This same situation arose in Wetherbee v. Elgin, J. & E. Ry. Co., 7 Cir., 204 F.2d 755, where the court said the mistake as to the date of the judgment did not mislead or prejudice appellee since the notice contained sufficient information to acquaint him as to the specific judgment from which the appeal was taken. Also see 13 Cyclopedia of Federal Procedure. (3rd ed.) § 60.94, p. 472. We hold the notice of appeal was sufficient.

■ There is merit in defendants' contention that the trial judge erred in refusing to let them read all relevant parts of the deposition of defendant Tackett taken as if upon cross-examination after plaintiff had read to the jury certain selective parts thereof. This action was started under the Civil Code of Practice but the trial was under the Civil Rules of Procedure. It is provided in CR 26.04(2) "The deposition of a party * * * may be used by an adverse party for any purpose." And CR 26.04(4) provides: "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

As Mr. Tackett attended the trial in person and took the witness stand, it is argued by plaintiff that defendants could not have been prejudiced by the fact the entire pertinent part of his deposition was not read. With this we cannot agree. The accident occurred in April 1951. Tackett's deposition was taken as if upon cross-examination in February 1953 and the trial was not held until March, 1954. Mr. Tackett was asked in the deposition certain questions about tearing up the sidewalk and leaving it filled with cinders; if the sidewalk was not blocked off on the date of the accident and the ropes were taken down and the flares removed; all of which he answered in the affirmative. Had all relevant portions of the deposition been read, it would have shown Tackett stated that at the time of the accident the part of the sidewalk which had been torn up had been restored and "was smoother than the rest of the sidewalk."

When Tackett took the witness stand on the trial over a year after giving his deposition and stated that the obstruction and flares had been removed before the accident because the ditch in the sidewalk had been refilled and made smoother, the jury well might have thought he was then testifying differently, or more favorably to the defense, than he did in his deposition. However that may be, CR 26.04(4) specifically provides: "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced * * *." This is a salutary provision in the Civil Rules and must be enforced by the trial courts.

We come now to defendants' contention that there was no negligence on their part but if there was, then plaintiff was guilty of contributory negligence as a matter of law in walking on the sidewalk she knew was unsafe, in either of which events defendants were entitled to a directed verdict. As we read the record, there was an old broken sidewalk about five feet wide on the west side of Scott Street and just west of the sidewalk was a vacant lot on which defendants were constructing a concrete block building. The sidewalk had been broken up by trucks and cars running over it to park in the vacant lot. Due to the broken condition of the sidewalk and the hardness of the ground in the lot, it was difficult to tell just where the sidewalk stopped and the lot started. Defendants had dug a trench across the sidewalk, installed a sewer pipe therein and then filled the trench with "cinders and dirt which came out of it." Defendants were digging a "footer" on the lot in which to put the foundation of the building and they had set a "stage line" about two inches high and thirty inches from the side of the walk in order to dig the "footer" straight.

Some 15 minutes before the accident happened plaintiff on her way to the post-office had safely passed on the sidewalk where the ditch had been refilled. On her return trip defendant Tackett and two workmen were standing on the sidewalk "joshing" and there was a lunchbox of one of the workmen lying on the sidewalk. In an attempt to get by, plaintiff stepped off the sidewalk, tripped over the "stage line", fell and suffered severe injuries. She testified the "stage line" was across the sidewalk but defendants' testimony was that it was 30 inches west of the sidewalk. For this case it is not very important whether the "stage line" was across the sidewalk proper or across that part of the lot immediately adjoining the sidewalk, since it was difficult to determine where the sidewalk ended and the lot began at that particular time, and just as difficult for a passerby to observe the "stage line". Plaintiff testified the sidewalk was rough and obstructed, while defendants testified it was smoother than it was before they dug it up and refilled the ditch. Plaintiff in attempting to get by Tackett and the two workmen and the lunchbox, and to avoid what she called the roughly filled ditch, tripped over the "stage line".

■ In these circumstances we cannot say defendants were not negligent. This "stage line" was stretched in such close proximity to the sidewalk that it reasonably could be foreseen a passerby might step off the sidewalk and trip over it. Especially is this true in the instant case where the sidewalk was in such condition that it was difficult to determine where it ended and the lot began. Under such a state of facts the owner of the abutting property is liable along with the persons who made the obstructions. 25 Am.Jur. "Highways" § 531, p. 814. Annotations in 14 A.L.R. 1413; 159 A.L.R. 147.

Nor was plaintiff guilty of contributory negligence as a matter of law. In passing a few minutes before the accident she did not see the "stage line" or the peg to which it was fastened, nor did she see it on her return trip. In avoiding the refilled ditch, the lunch box and the three men standing and "joshing" on the five foot sidewalk, she evidently stepped on the adjacent lot, which from her testimony she regarded as part of the sidewalk, and fell over the "stage line". The facts in the instant case distinguish it from City of Olive Hill v. Counts, 290 Ky. 588, 162 S.W.2d 14; Morrison & Conklin Const. Co. v. Cooper, Ky., 256 S.W.2d 505; Curtis v. Traders Nat. Bank, 314 Ky. 765, 237 S.W.2d 76, and Peerless Mfg. Corp. v. Davenport, 281 Ky. 654, 136 S.W.2d 779.

In the Counts case plaintiff had been familiar with the defective steps for some 15 years. In the Cooper case plaintiff was so much aware of the danger that she proceeded "as if walking on eggs." [256 S.W.2d 506.] In the Curtis case plaintiff walked on a floor she knew was slippery and dangerous. In the Davenport case there was no negligence upon the part of defendant and plaintiff failed to follow instructions and was injured.

The case at bar is more like Chickering v. Thompson, 76 N.H. 311, 82 A. 839, where plaintiff using a sidewalk adjacent to a vacant lot did not see a stake on the lot very near the sidewalk and fell over the stake. The Supreme Court of New Hampshire held plaintiff was not guilty of contributory negligence as a matter of law, saying the stake was so small and so near the color of the ground that it was not likely to attract attention.

The judgment is reversed for the error of the trial court in failing to permit defendants to read the relevant parts of the deposition of Tackett after plaintiff had read excerpts therefrom to the jury, and for a new trial consistent with this opinion.