Anna Belle **SUTTON**, Appellant,

v.

**CITY OF FRANKFORT**, Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 24, 1958.

William A. Young, Frankfort, for appellant.

Charles L. Hobson, Frankfort, for appellee.

CLAY, Commissioner.

Plaintiff appellant suffered personal injuries when she fell while crossing Main Street in the City of Frankfort. She appeals from a judgment on a directed verdict for the City.

The mishap occurred in the evening, after dark, on Frankfort's principal thoroughfare. The cause of the fall was a slight step-off in the middle of the street, created by the City in the course of resurfacing when a strip of new asphalt had been laid laterally from the curbing on the south side to about the center of the street. It was two or three inches higher than the old surface. While crossing to enter a waiting automobile, the plaintiff fell when she stepped off the new pavement onto the old.

The condition had existed for several weeks because of unexpected delay in resurfacing the other half of the street. It extended for several blocks. This section of the street was well lighted, but there were no signs or barricades to warn pedestrians of the condition.

Plaintiff had knowledge that for some time the City had been repairing this street. She was employed in a place of business in the same block where she fell. She lived on this street a few blocks east. She traveled over it every day in her husband's automobile. She had observed the work going on and she knew this strip of new paving had been laid. Her testimony indicates that she had walked across the street at this same point many times, although it is not clear whether this was before or after the strip had been laid.

The sole question in the case is whether or not the rule laid down in Crain v. City of Louisville, Ky., 259 S.W.2d 52 applies.

In that case the plaintiff fell when she tripped on a defective elevation in a sidewalk. This condition had existed for a long period of time and the plaintiff was fully aware of it. We held that the plaintiff was guilty of contributory negligence as a matter of law and the fact that she temporarily forgot about the condition did not absolve her of carelessness.

We cannot distinguish the circumstances in the present case. The condition had

existed for four or five weeks. It was not a hidden danger or a serious defect in the street. The plaintiff was well aware of the condition. It seems clear that her want of due care contributed to this accident, and consequently the City is not legally responsible for her injuries.

The judgment is affirmed.