## Illinois Cent. R. Co. v. Wallis.

June 6, 1941.

Wheeler & Shelbourne for appellant.

Adrian H. Terrell and C. C. Grassham for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment in favor of appellee, Russell Wallis, against the appellant, Illinois Central Railroad Company, for $4,500 for personal injuries. On a former trial the lower court, at the conclusion of appellee's evidence directed a verdict for the appellant. On appeal the judgment was reversed in Wallis v. Illinois Central Railroad Company, 276 Ky. 436, 124 S. W. (2d) 481.

The facts which appellee's proof conduced to establish are fully stated in that opinion and the evidence for the appellee on the second trial was substantially the same. Evidence for the appellant concerning the accident claimed by appellee consisted of denials by Hunt, Menendez and one or two others that such an accident happened. Hunt denied giving orders to appellee to catch the step which Menendez was burning off from the sheet of metal and Menendez denied climbing on top of the load of scrap iron to burn off the step. He testified that he stood on the ground while performing the task and that appellee was behind him and never at any time took hold of the step—he says that appellee was called to the office and had left before the last bolt was burned off of the step. Other evidence also tended to contradict the evidence of appellee and his witness, Clark, as to the occurrence of the accident, included in this evidence being contradictory statements made by appellee. It is also shown that appellee made no official report of his claimed injury till Monday following the accident claimed to have occurred on Saturday.

As to injuries received by appellee, two physicians testified that while his eyelids were burned there was no injury to the eyeball and that as far as they could tell there was nothing about the injury to cause a loss of vision. Appellee testified, however, that since the injury he has practically no vision in the injured eye. A physician who examined appellee about eleven months after the injury stated that he found a scar on the cornea, showing that there had been an injury to the eyeball— he stated that appellee had lost about sixty percent of the vision in the injured eye and that it was his opinion that this loss of vision was due to injury.

We are urged to hold that the verdict is flagrantly against the evidence and that the trial court should have directed a verdict for it in accord with Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877, in which

the scintilla rule was abolished. It is also urged that the opinion on the former appeal was unsound. This latter argument is wholly out of place since we are bound by that opinion, right or wrong, under the familiar law of the case rule. Since that opinion held there was sufficient evidence to take the case to the jury on the first trial, and since the evidence for appellee on the second trial was substantially the same, obviously the case should have gone to the jury unless the evidence for appellant was so overwhelming as to render the verdict flagrantly against the evidence. We do not find that such was the case. Appellant's evidence was such as to create much conflict in the evidence, so much so that we might be willing to say the verdict seems to be against the weight of the evidence. However, we cannot usurp the province of the jury and we would unquestionably be doing so were we to say there was not sufficient evidence to sustain the verdict.

It is contended also that the trial court should have given instruction X offered by the appellant. That instruction was, in substance, to the effect that appellee assumed the ordinary risks incident to his employment, including the risk of being burned by sparks from the ordinary use of the acetylene burning or cutting torch and that if the jury believed that the alleged injury was caused by sparks emanating from the ordinary use of the torch they should find for the defendant.

When this offered instruction is taken in connection with instruction No. 1 given by the trial court, it appears there is merit in this contention and that the judgment must be reversed for the failure to give an instruction of this character. The former opinion specifically held that appellee assumed the risk of being burned by sparks emanating from the ordinary and usual use of the acetylene torch but that he did not assume the risk of being injured as a result of molten metal, which had accumulated on top of the step by reason of the use of the torch, pouring off of the step into his eye when he had been ordered by the foreman to go under the step to take hold of it to prevent it from falling. Instruction No. 1 given by the trial court permitted a recovery by reason of the particles of metal or molten steel "dropped from the acetylene torch into plaintiff's eye." This instruction failed to take into account the distinction made in the former opinion as to risks assumed by

appellee and the risks not assumed. Since evidence for appellant was to the effect that Menendez, whom appellee was assisting, did not climb on top of the load of scrap iron to burn off the step but stood on the ground to do so and that appellee was behind him, there was an issue raised as to whether appellee was injured by the use of the acetylene torch in the ordinary and usual manner or whether molten metal which had accumulated on the step poured off into his eye by reason of his walking under the step to catch it pursuant to Hunt's orders. On the next trial instruction No. 1 should be revised in the light of these conclusions and the jury should also be instructed that the appellee assumed all the ordinary risks incident to his employment, including the risk of being burned by sparks caused from the ordinary use of the acetylene torch, and that if he was injured by sparks emanating from the usual and customary use of the torch they should find for the defendant.

Complaint is also made that the trial court should have given instruction Y offered by appellant which was, in substance, that it was the duty of appellee to wear the goggles furnished him by the appellant and keep them properly fitted and adjusted so as to protect his eyes from sparks or heated metal and that if he failed to do so and but for his failure would not have been injured, the verdict should be for the defendant. The trial court was correct in refusing this instruction for the reason that the only evidence in the case concerning the goggles was that appellee was wearing them—both he and Clark so testified. No evidence was offered for appellant contradicting this testimony and therefore no issue was raised on this point.

A major portion of the briefs on both sides concerns the propriety or impropriety of certain language used by counsel for appellee in the argument of the case to the jury. In view of the fact the judgment is being reversed for other reasons it becomes unnecessary to refer to this controversial point further than to say that the language objected to should not be repeated on another trial. We do not determine whether or not the language objected to constituted reversible error.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.