### Seelbach, Inc., v. Mellman.

Feb. 2, 1943.

Davis, Boehl, Viser & Marcus for appellant.

Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Reversing.

This appeal is from a judgment for $6,000 in an action for damages for personal injuries sustained by appellee when she fell on a stairway in appellant's hotel.

Appellee, a woman 39 years of age, was employed at the time in an office on the mezzanine of the Seelbach Hotel. The employment was in an independent agency having no connection with the Hotel. At the time of the accident she was descending the stairway leading from the mezzanine to the lobby with an umbrella in one hand and a purse in the other. She had gotten down three or four steps beyond the middle landing when both feet slipped from under her and she bumped down the steps to the lobby floor. Her injuries were serious and necessitated an operation on her back from which she was confined to a hospital for four weeks.

The steps were constructed of terrazzo. Appellee, as well as a large number of witnesses in her behalf, testified that the terrazzo was very highly glazed and polished so that the steps were very slick and slippery. She stated that on account of this dangerous condition of the steps she was very careful about walking up and down them. A number of witnesses testified that they had slipped on the steps at various times and there was some evidence as to other persons falling on them. On each side of the stairway there was a handrail but appellee, when she fell, was walking near the center of the stairway and made no use of the rail.

Appellant introduced evidence tending to establish that the steps were of the usual and ordinary standard

terrazzo construction and of smooth, but not slick or slippery finish and were used by hundreds of persons daily.

The jury were instructed that it was appellant's duty to maintain the stairway in a reasonably safe condition for use by the hotel patrons and that if the steps were unsafe by reason of being slick and slippery and that defendant knew this, or by the exercise of ordinary care could have known it, and that the condition of the steps was not so open and obvious that the plaintiff must have seen and known thereof and that because of the unsafe condition, if it existed, the plaintiff was caused to fall, the verdict should be for the plaintiff. The usual and ordinary instruction on contributory negligence was also given. Pursuant to these instructions the verdict was returned for appellee. This verdict, of course, involved the finding that the steps were unsafe.

It is contended by appellant that even though the steps were unsafe a verdict should have been directed in its behalf because appellee knew of the unsafe condition and consequently assumed the risk of injury by voluntarily exposing herself to a known danger. We think this contention must be rejected. Assumption of risk constitutes a defense when one enters on the known unsafe premises of another having no right to do so save that derived from the owner's consent, but does not constitute a defense as to one to whom the owner is under a duty to maintain the premises in a safe condition where the owner's failure to do so has created a situation in which it is reasonably necessary to undergo a risk in order to protect a right. Restatement of the Law, Torts, Section 893. Appellant was under the duty to maintain the steps in a reasonably safe condition for appellee's use and her action in using them, though they were known by her to be dangerous, was reasonably necessary to protect the right she had to go to and from her work since the steps were in their usual and ordinary condition and were provided by appellant for that purpose. Assumption of risk constitutes no defense in these circumstances.

However, appellant's contention that appellee was guilty of contributory negligence as a matter of law must be sustained. While it was not unreasonable for appellee to encounter the danger involved in using the steps, nevertheless, in using them, it was incumbent on her to

exercise such care as was commensurate to the danger which she knew was confronting her. The danger she knew to be confronting her was that of slipping and falling. For the safety of persons using the stairway, and especially as an aid to those who had doubts of their ability to negotiate the stairway in safety, a handrail was constructed on each side of the stairway. Appellee, knowing of the slippery and dangerous condition, made no effort to use the handrail provided by appellant to alleviate the very danger she knew to exist. Use of this handrail would, no doubt, have prevented her fall but, whether that be regarded as a certainty or not, it was, in any event, incumbent on her, in guarding against the probability of a fall, to make use of the facilities provided to alleviate the very danger of which she was aware and which her own testimony discloses she realized the necessity of guarding against by exercising more care than she ordinarily exercised in using stairways.

In City of Olive Hill v. Counts, 290 Ky. 588, 162 S. W. (2d) 14, 16, we dealt with an injury received by one falling on steps known by him to be dangerous. Leading around the steps was a pathway which the injured person had used many times to avoid using the steps. His claim was that he was in a state of oblivion or momentary forgetfulness as to the dangerous condition of the steps. In holding that his testimony was irreconcilable with a state of oblivion or forgetfulness and that he was guilty of contributory negligence as a matter of law, we said:

"Since he knew he was ascending steps known to him to be dangerous, it was incumbent on him to use them in such a manner as to protect himself from injury—this he could have done as he had done thousands of times before or he could have prevented injury by using the path he had used many times before to avoid using the steps."

Even clearer than in that case it seems to us, was the contributory negligence of appellee in failing to make use of the handrail provided by appellant for her use. Her testimony that she was "very careful about walking up and down the steps" was but the statement of a legal conclusion and, even though she was more than ordinarily careful, the care used by her was not commensurate to the danger she knew was confronting

her. Care commensurate to the danger required a use of the handrail, an open and obvious aid provided by appellant, and known by appellee to be there, to enable her to guard against the very danger she knew existed.

Appellee relies on Kroger Grocery & Baking Co. v. Monroe, 237 Ky. 60, 34 S. W. (2d) 929, 931, in which a woman was injured by slipping on an oily floor. It was there held' that the case did not fall within the assumed risk doctrine because "the danger of her falling by reason of the presence of the oil on [it] was not such an obvious one that an ordinarily prudent person, exercising ordinary care for his own safety, would not have walked on it for the purpose of making a purchase at the store." In short, it was held, as we hold here, that assumption of risk did not bar a recovery—that the customer was justified in using the floor, just as we hold that it was reasonably necessary for appellee to use the steps in order to protect her right. But no question was there involved, as here, of failure to make use of means provided to guard against the probability of falling.

Majestic Theater Co. v. Lutz, 210 Ky. 92, 275 S. W. 16, also relied on by appellee, is distinguishable from the case before us. There a recovery for injuries sustained by slipping on highly polished, slippery steps was upheld although the injured woman failed to make use of a handrail. But, while admitting knowledge of the glossy appearance of the steps, the injured woman apparently had not used them before and denied knowledge of the probability of a fall by reason of the glazed and polished condition. In short, she was aware of the appearance of the steps but unaware of the danger. Unlike the appellee, who had been using the steps constantly and was aware of the danger of slipping and falling, her knowledge of the slippery condition was acquired almost simultaneously with the fall.

It is our conclusion that appellee, having knowledge of the danger, was guilty of contributory negligence as a matter of law in failing to make use of the handrail and that the trial court should have directed a verdict for appellant.

In view of the conclusion reached it becomes unnecessary to consider other grounds urged for reversal. In any event, all other questions are reserved.

Reversed, with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.

Whole court sitting.