## Mellman v. Seelbach, Inc.

June 13, 1944.

Woodward, Dawson & Hobson for appellant.

Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

In opinion on former appeal we reversed a judgment awarding appellant damages for injuries suffered

in a fall down a stairway in appellee's hotel. Reference to Seelbach, Inc., v. Mellman, 293 Ky. 790, 170 S. W. 2d 18, shows that we held under the proof adduced appellant was guilty of contributory negligence as a matter of law, and that the court should have sustained defendant's motion for directed verdict. Upon retrial the court directed a verdict for defendant; judgment was entered in accordance with the jury's verdict and this second appeal follows.

In brief appellant's counsel concedes that the evidence on retrial was substantially the same as had been developed on the first trial, and "comes squarely within the rule heretofore announced by this court that it is bound by the opinion whether that opinion be right or wrong." Illinois Cent. R. Co. v. Wallis, 287 Ky. 88, 152 S. W. 2d 288, citing cases. Counsel's argument is that notwithstanding, we should not be bound, because the court's conclusion that appellant was guilty of contributory negligence as a matter of law is unsound and fallacious, and the court should not hesitate to overrule such opinions as hold to the "right or wrong" doctrine.

The opinion on the former appeal was the result of a deliberation by the whole court. It was challenged in a vigorous petition for rehearing, likewise considered. The arguments presented on those hearings were substantially the same as now advanced in endeavor to convince the court that it was in error. The court after consideration of the argument is of the opinion that the rules of law were correctly applied to the facts and the former ruling sound. This being so, it becomes unnecessary to discuss the law of the case rule, since it is obvious that under what appears to be the minority rule (3 Am. Jur. secs. 541-2) it is only in cases where the appellate court concludes it had erroneously determined the law so as to constitute prejudicial error that it will review such determination, and if so inclined, depart from the rule which has been in force in this jurisdiction as far back as Rowland v. Craig et al., Sneed Ky. Dec. 330, 2 Ky. 330.

Judgment affirmed.