## Tate v. Canary Cottage et al.

May 14, 1946.

Guy Shearer, Robert B. Hardison and Edwin O. Davis for appellant.

Lee Roy Curtis for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Appellant filed this action to recover damages for injuries sustained when she fell on a stairway on premises in which appellees operated a restaurant in the City of Louisville. The accident occurred about 8:30 o'clock at night. It is alleged that appellees were negligent in that: (1) The stairs were insufficiently lighted; (2) there was no handrail on the right side of the steps going down ,as required by the Building Code of the City of Louisville; and (3) the carpet on the stairs, by reason of its undercushion, projected approximately one inch beyond the step, thus rendering it insecure, causing appellant to fall when her heel caught on the projected portion of the carpet. Under instructions submitting the case upon the question of appellees' negligence in respect to the insufficient light and the absence of a handrail, the jury returned a verdict in favor of appellees. Three grounds are urged for reversal: (1) The Court erred in failing to instruct the jury in respect to appellees' negligence in their alleged failure to maintain the carpet in a safe condition; (2) the Court erred, to the prejudice of appellant, in permitting counsel for appellees, upon cross-examination of appellant, to introduce by her matters which had not been touched upon in her direct examination; and (3) the Court erred in giving to the jury an instruction on contributory negligence.

The first complaint may not be entertained by this Court, because appellant did not offer an instruction incorporating that theory of the case, Reed et al. v. Philpot's Adm'r et al., 235 Ky. 429, 31 S. W. 2d 709; and did not make the complaint a ground for a new trial in her motion therefor, Chesapeake & O. R. Co. v. Wendt, Ky., 121 S. W. 661.

The question presented in the second ground has been answered fully and adversely to the contention of appellant in Bruton's Adm'r v. Eddington-Griffiths Const. Co., Ky., 118 S. W. 1001, 1002, wherein the Court said:

"When the plaintiff introduced Potter, the defendant was at liberty on cross-examination to go into new matter and to prove by the witness any facts which he could testify to; * * *."

There remains the question as to whether the Court erred in instructing the jury on contributory negligence. Appellant fell while descending the stairway. She testified that, a few minutes before, she had ascended the stairway, and that it was in the same condition when the accident occurred as it was when she ascended. She testified that the stairs were so dark when she ascended that she was required to, and did use the handrail to prevent her from falling. On cross-examination, she testified as follows:

"Q. Now, on the day of this accident in the Canary Cottage you and your cousin first went up the steps? A. That is right.

"Q. And when you went up the steps you held to the handrail on the right side? A. Yes, sir.

"Q. You did that because you saw the steps were dark? A. That is right.

"Q. And she (meaning the cousin) held to the handrail on the right or did she go up alone? A. I don't recall whether she went up back of me or not. I don't recall about that.

"Q. You held on to the handrail? A. I held to the handrail going up.

"Q. The reason you held to the handrail was that the steps were dark? A. That is right.

"Q. Coming down the steps, the steps and lights and everything was in the same condition exactly? A. That is right, they were.

"Q. Just as dark and just as light when you came down as it was when you went up? A. That is right.

"Q. And there was nobody behind you that you know of? A. Not that I recall.

"Q. Or no one in front of you? A. Are you speaking of going up or coming down?

"Q. Coming down? A. There was no one in front of me.

"Q. No one on the steps but you and your cousin? A. Not that I recall.

"Q. You say the steps when you went up and came down were so dark that you could not see them, is that right? A. That is right.

"Q. You had to feel your way with your feet coming down? A. That is right, I did.

"Q. Why didn't you use that handrail there then for people—provided for persons? A. I was walking beside her. I walked on the other side.

"Q. I know, but could you not have walked in front of her? A. I could have.

"Q. And could you not have walked back of her? A. I could have.

"Q. Could you not have used the handrail if you wanted to? A. Yes, sir.

"Q. You didn't do it? A. No, sir. * * * They should have been so adequately lighted I would not have to have done either. I could have. I could have—yes.

"Q. You had the right to walk down the steps anywhere you wanted to, regardless of their condition. A. Yes, sir."

On direct examination, she testified that "the light on the stairway was very, very dim; in fact, you could not see from one step to the other"; and "the fact is, the steps were very dim, is the main thing anyway, I think." In Seelbach, Inc., v. Mellman, 293 Ky. 790, 170 S. W. 2d 18, we held that one who knew of the slippery and dangerous condition of steps she was using, and made no effort to use the handrail provided to alleviate the very danger she knew to exist, was guilty of contributory negligence, as a matter of law. The accident in that case occurred in broad daylight, and the plaintiff plainly could see the steps she was descending. We believe this case makes an even clearer showing of contributory negligence than that. Appellant stated that she could not see the steps at all, and that she was at all times aware of the existence of the handrail; yet she deliberately and blindly descended a long and, according to her testimony, and to her known to be, dangerous stairway, without making use of the means provided to

obviate the possibility of falling. But it is unnecessary for us to determine in this case whether appellant was guilty of contributory negligence, as a matter of law; it is enough to say, as we have seen, there was sufficient evidence of contributory negligence to submit the question to the jury. Appellant argues that Seelbach, Inc., v. Mellman, supra, is not in point, because the degree of care owed to appellant in this case is greater than that which was owing to Miss Mellman by the Seelbach Hotel. But contributory negligence of one seeking redress for injuries is not to be measured by the degree of care the defendant owes the plaintiff.

The judgment is affirmed.