# Durham v. Maratta.

June 18, 1946.

Norris B. Vincent, of Brown & Eldred for appellant.

J. Verser Connor and Bader & Maratta for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The appeal is from a judgment of the Jefferson Circuit Court entered upon a verdict in favor of the defendant below, Hattie E. Maratta, at the direction of the Court at the conclusion of the testimony introduced by plaintiff below, Pearl Durham. The sole question for our determination is whether the evidence was sufficient to require the Court to submit the case to the jury.

The suit is to recover damages for injuries sustained by appellant in falling on steps maintained by appellee for the common use of her tenants, including appellant. The negligence alleged is that appellee failed to keep an adequate light near the steps, as required by

KRS 101.090, and Article 4, Paragraph 50, of the Dwelling House Ordinance of the City of Louisville. KRS 101.090 provides:

"The owner (of a tenement or apartment house in a first-class city) shall keep a proper light burning in the public hallways, near the stairs upon the entrance floor, and upon the second floor above the entrance floor every night from sunset to sunrise throughout the year; and upon all the other floors and stair halls from sunset until 10 p. m."

Article 4, Paragraph 50, of the Dwelling House Ordinance of the City of Louisville, provides:

"In every multiple dwelling, a proper light shall be kept burning by the owner in the public hallways near each stairway upon each floor every night from sunset to sunrise throughout the year."

Appellant occupies an apartment on the third floor of the apartment house owned by appellee. She left the premises in which she worked at 6:00 o'clock P. M., on the evening of November 9, 1944, and entered the apartment house at approximately 6:15 P. M. Contrary to the provisions of the Statute and Ordinance aforesaid, the lights on the first and second floors of the apartment house were not burning; but there are two switches to the right of the entrance door; one controls the light at the foot of the steps, the other controls the light on the second floor at the top of the landing. On many occasions previous to the accident hereinafter described, appellee instructed her tenants to keep the lights turned off when the stairs were not in use. The evidence shows that, in ascending the stairs, the light from the second floor provides sufficient illumination for one to mount the steps in safety; but in descending, the body of the user of the steps casts a shadow and renders seeing difficult. The third step from the bottom opens upon a landing, and there is no handrail to assist the user in descending from the landing to the first floor. When Mrs. Durham entered the apartment building, she did not contemplate returning downstairs; she switched on the light at the head of the stairs, and, in obedience to the direction of Mrs. Maratta, and because in ascending the steps she could see by the unobstructed beam of the light on the second floor, she did not turn on the light at the foot of the steps. She ascended the steps without mis-

hap, and, upon entering her apartment, discovered that her daughter had failed to purchase all of the groceries necessary for their evening meal. She gathered some milk and Coca Cola bottles under her right arm, and, using the handrail so far as it extended, she descended the steps. When she attempted to negotiate the first step from the landing to the first floor, being unable to see in the darkness, she missed the step and fell to the floor, breaking her hip and receiving other injuries. The Court sustained the motion for a peremptory instruction, upon the ground that appellant was guilty of contributory negligence, as a matter of law, in failing to turn on the light at the foot of the steps when she entered the apartment building.

Appellee insists that the Trial Judge was correct in this ruling; but we are of the opinion he was not. If the injury complained of is one which was intended to be prevented by the Statute and Ordinance, supra, the violation of their provisions must be considered as the proximate cause of the injury. 20 R. C. L. 43. There can be no question that the Statute and the Ordinance above quoted were intended to prevent a person using steps in an apartment house from falling in the darkness. Likewise, there can be no question but that the light on the first floor of appellee's apartment house was not burning, at her very direction; in other words, the violation of the Statute and Ordinance was not only negligent, it was wilful. Had appellant, when she entered the apartment house, intended, or anticipated that she would be required, to descend the stairs, appellee's contention would be more tenable. But, since the evidence shows that she had no such intention, it was not incumbent upon her to anticipate that which she had no reason to foresee. In Rodgers v. Stoller, 284 Ky. 108, 143 S. W. 2d 1047, Mrs. Rodgers, living on the second floor of an apartment building, fell down a flight of steps while endeavoring to cross the hall to visit another apartment on the same floor. The landlord failed to have a light burning in the hall. The Court held that, from the facts above stated, it was reasonable for a jury to conclude that the landlord's negligence, in failing to keep a light burning in the hall, was the proximate cause of Mrs. Rodgers' injury. The landlord in that case contended that, because Mrs. Rodgers knew that the hallway had been unlighted for several months, she was guilty of contributory negligence, as a matter of law, in

attempting to use it in that condition. In rejecting this contention, the Court pointed out that she was not required to remain in her apartment merely because her landlord had failed to provide a light in the hall; but that she was required to exercise due care for her own safety, and as to whether she exercised due care was a question for the jury. Appellee relies on this Court's opinion in Seelbach, Inc., v. Mellman, 293 Ky. 790, 170 S. W. 2d 18; but we think the opinion in that case is not authority for the contention that Mrs. Durham was guilty of contributory negligence, as a matter of law. In the Seelbach case, Miss Mellman knew the steps were slick, and failed to make use of the handrail provided by the hotel, and which she knew was there for her use. In that case, the contributory negligence was in failing to use the means at hand to prevent the accident when she was descending the steps. Had there been a switch on the second floor to control the light on the first floor, the situation here would be parallel with the situation in the Seelbach case. But, as pointed out in Rodgers v. Stoller, supra, Mrs. Durham was not required to remain in her apartment, merely because the stairs were unlighted; and, after she discovered that it would be necessary or desirable for her to descend the stairs, there was no means at her disposal to eliminate the dangerous condition caused by the failure of appellee to maintain a light in accordance with the Statute and Ordinance of the City of Louisville. It seems apparent to us that the question of contributory negligence is one for the jury to determine, and the Court should have overruled appellee's motion for a directed verdict.

The judgment is reversed, with directions that it be set aside and appellant granted a new trial, to be conducted not inconsistent with this opinion.