## Greyhound Terminal Of Louisville, Inc. v. Thomas.

November 18, 1947.

As modified on Denial of Rehearing March 26, 1948.

Edward J. Hogan for appellant.

David R. Castleman, Joseph J. Hancock and Paul L. Williams for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

On the morning of the third day of January, 1945, appellee was traveling by bus from Nashville, Tennessee, to Detroit, Michigan. It was necessary for her to change busses in Louisville and, while waiting for the connecting bus, she went to the ladies' rest room on the second floor of appellant's terminal building. Returning by the stairway, she descended four steps to the landing without mishap; when she started down the remaining 15 or 16 steps, the heel of her shoe engaged "something" which caused her to stumble. She was walking to the right of center of the steps which were approximately four feet in width. She was carrying her handbag and a suit box under her left arm, but her right hand and arm were free, and with them she reached for a handrail to steady herself and check the fall, but none was there. She fell the entire length of the remaining stairway, finally landing on the floor. She suffered severe and permanent injuries as a result of the accident. She filed this action against appellant, alleging negligence of defendant in maintaining a dangerous and unsafe stairway. On trial of the case she was awarded $6,750 in damages. Appellant contends that the Court erred (1) in overruling its motion for a directed verdict at the conclusion of the evidence; (2) in permitting appellee to introduce incompetent evidence; and (3) the verdict is excessive and appears to have been rendered under the influence of passion and prejudice.

The dangerous and unsafe condition of the stairway relied upon by appellee is the failure of appellant to provide a handrail on the right side of the stairs going down, as required by ordinance of the City of Louisville, which, in so far as pertinent, reads: "* * * All stairs shall have walls or well secured balustrades or guards on both sides, and except in dwellings, shall have hand rails on both sides. * * *."

The violation of the terms of an ordinance is negligence per se; but in an action for damages, such violation must be the proximate cause of the accident to permit recovery for its violation. Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S. W. 2d 564; Home Laundry Co. v. Cook, 277 Ky. 8, 125 S. W. 2d 763. Durham v. Maratta, 302 Ky. 633, 195 S. W. 2d 277, 279, we said:

46

"If the injury complained of is one which was intended to be prevented by the Statute and Ordinance, supra, the violation of their provisions must be considered as the proximate cause of the injury. 20 R. C. L. 43."

There can be no doubt that the purpose of the ordinance is to prevent persons descending or ascending a stairway from falling thereon. Appellee testified to facts from which a jury could not escape the conclusion that, had a handrail been maintained on both sides of the stairway in question, she would not have fallen. That being true, under the rule above recited, the failure to maintain the handrail in accordance with the terms of the ordinance must be considered to have been the proximate cause of appellee's injuries. Appellant relies on Seelbach, Inc., v. Mellman, 293 Ky. 790, 170 S. W. 2d 18; Tate v. Canary Cottage, 302 Ky. 313, 194 S. W. 2d 663; and Phoenix Amusement Co. v. Padgett's Adm'x, 301 Ky. 338, 192 S. W. 2d 105, and other cases. Since the three cases cited are most nearly in point with appellant's contention, we will confine our remarks to them. In the Seelbach case, plaintiff was denied recovery because of contributory negligence which the Court held to be such as a matter of law. In that case, the Hotel Company had provided handrails on both sides of the stairway. The steps were extremely slick. The plaintiff worked in an office on the second floor of the hotel, and was in the habit of using the stairs several times each day. She admitted that she knew the steps were dangerously slick, yet she walked in the middle of the stairs, which were extremely wide, and did not avail herself of the facilities the Hotel Company placed at her disposal to prevent the very accident she complained of. In this case, contributory negligence was pleaded but there was no evidence to support the plea. In the Canary Cottage case, the plaintiff testified that she knew a handrail was present, yet she did not avail herself of it, although it was so dark that she had to "feel her way with her feet coming down." In that case the jury found for the defendant under a contributory negligence instruction. We held that, knowing of the presence of a handrail, the plaintiff, who was proceeding into a known place of danger, should have availed herself of the facilities provided, and her failure to do so was suf--

ficient evidence of contributory negligence to support the jury's finding. In this case, the danger was not known to appellee. In the Phoenix Amusement Company case the negligence was based on the failure of the Company to keep a suitable carpet on the steps. The evidence showed that the carpet was torn in certain places, but the plaintiff testified that she fell at a place where the carpet was sound and whole. We held in that case that the torn carpet was not the proximate, or any, cause of the accident. But none of the elements controlling those decisions are present in this case. There was no obvious danger to warn the plaintiff that an accident might occur, as there was in the Seelbach and the Canary Cottage cases; and, as we have seen, the failure to provide a handrail must be considered to have been the proximate cause of the accident in this case, whereas the negligence complained of in the Phoenix Amusement Company case was not the proximate cause of the accident. We have no difficulty in distinguishing this from the cases relied on and in concluding that the Court did not err in overruling appellant's motion for a peremptory instruction.

Whilst appellant objected to the precise questions and answers the admission of which it contends was prejudicial error, the same evidence previously was introduced by appellee without objection; thus, the evidence complained of, if erroneous, was cumulative and cannot be deemed to have been prejudicial to appellant's substantial rights.

We believe counsel is not serious in his contention that the verdict is excessive. To describe the injuries and the resulting disability would require a long dissertation which would be tedious to the reader because of technical terms and, because of the unusual type of injury, likely would be of no benefit as authority for future decisions. Suffice it to say appellee remained the first week after the injury in a hospital in the City of Louisville; returning home, she immediately consulted her family physician who commenced her treatments, and to the date of the trial she had been treated by him on 79 different occasions. She spent several weeks in a hospital in Nashville, at which time she submitted to an operation which was extremely painful. She was required to use crutches for nine months following the

injury; and on the day of the trial, 22 months after the happening of the accident, she was still under the care of her physician, who testified that her injuries are permanent, their severity progressive, and that they will be painful for the remainder of her life. She had incurred to the date of the trial doctors' bills in the amount of $535, and hospital bill of $135. The award is substantial, but certainly can not be said to be excessive.

The judgment is affirmed.