**Joseph FORMAN, Appellant,**

v.

**Eric SILVER et al., Appellees.**

Court of Appeals of Kentucky.

May 16, 1958.

Morris B. Borowitz, Louisville, for appellant.

William Mellor, Louisville, for appellees.

MONTGOMERY, Judge.

Joseph Forman appeals from a summary judgment denying recovery for personal injuries. He fell down some steps in the home of Eric and Clara Silver. The deposition of appellant taken as if on cross-examination shows beyond doubt the circumstances attending the fall.

Appellant was seventy-nine years of age and had been crippled most of his life. His left leg was shorter than his right one. He wore a built-up shoe and carried a cane as aids in walking.

Forman is related to the Silvers. He had visited in their home several times previous to his fall. On January 5, 1956, he had dinner in the Silver home.

About 9 p. m., Forman was ready to return home. Appellees, with their son, were preparing to take him in their car. Eric Silver had preceded appellant to the garage, which was connected to the kitchen by a sunroom. The son and Clara Silver were following appellant as he started down the steps from the kitchen into the sunroom.

Appellant stated that the fluorescent light did not come on right away when the son "jiggled" the switch. Without waiting for the light, appellant said that he thought he knew the steps and started to walk down them. Before the light came on, he had fallen. Appellant was uncertain as to the number of steps taken after he started down the steps and before he fell. There was nothing wrong with the steps. When asked the cause of his fall, he said, "I didn't see it, you know, and I just—I thought I was stepping the step, and I stepped near the step."

It is contended that appellees were negligent in maintaining the sunroom floor in a slippery condition and permitting the light switch to remain in a defective condition. The statement of appellant clearly shows that neither condition brought about or contributed to the fall. He fell after taking steps, knowing the light was not on, and before he reached the sunroom floor. In attempting to descend the steps, he assumed the risk of any known hazard incident thereto. Being cognizant of the conditions prevailing, he elected to walk down the steps without waiting for the light. He, therefore, assumed the risk of injury and is barred from recovery as a matter of law. Fisher v. Hardesty, Ky., 252 S.W.2d 877; Morrison & Conklin Const. Co. v. Cooper, Ky., 256 S.W.2d 505.

There is no genuine issue as to any material fact. The decisive facts are admitted by the appellant. They show that there is no liability on appellees as a matter of law. Appellant's deposition was corroborated by the joint affidavit of appellees and their son. The summary judgment was properly rendered. Continental Casualty Co. v. Belknap Hardware & Mfg. Co., Ky., 281 S.W.2d 914; Kaze v. Compton, Ky., 283 S.W.2d 204; Ingram v. Ingram, Ky., 283 S.W.2d 210.

Judgment affirmed.