Buford WALLING et al., Appellants,

v.

Farris FLYNN, Appellee.

Court of Appeals of Kentucky.

Feb. 26, 1960.

H. M. Shumate, Shumate & Shumate, Irvine, for appellants.

Ben L. Kessinger, Sr., Harbison, Kessinger, Lisle & Bush, Lexington, John W. Walker, Irvine, for appellee.

WADDILL, Commissioner.

An automobile driven by Buford Walling ran into the rear of a car operated by Farris Flynn. Walling and the four passengers in his car sued Flynn to recover the damages they sustained in the accident. Flynn filed a counterclaim against Walling for the damages he sustained as a result of the collision.

The actions were consolidated for trial. After the evidence was heard, the court directed a verdict against Walling and his passengers, and they have appealed from the judgment dismissing their claims. Flynn's counterclaim against Walling was submitted to the jury and it found both parties were negligent. The cross-appeal is from that part of the judgment which dismissed the counterclaim.

The accident occurred on Highway No. 27 at about nine o'clock at night. Both automobiles were proceeding southward on a straight, dry, two-lane road. When the automobile driven by Flynn was about five miles south of Cynthiana, Flynn was compelled to stop his car in his traffic lane because several automobiles immediately in front of him had stopped to turn left into the entrance of a drive-in theatre. Shortly thereafter the car operated by Walling, which was traveling at about 45 M.P.H., ran into the rear of Flynn's car, the impact causing substantial damage to both automobiles and injuries to some of the occupants of both cars.

Walling testified that he saw Flynn's automobile on the road ahead of him for approximately 200 feet prior to the collision. He stated that he was blinded to some extent by the lights of the drive-in theatre. He further stated that he applied the brakes on his car as soon as he realized the danger ahead of him, but that he did not have time to avoid the collision.

There was testimony to the effect that the lights in front of the theatre illuminated the highway at the place where the accident occurred. There was conflicting testimony as to whether the tail light on Flynn's car was burning at the time of the accident.

For reversal, appellants (Walling and the passengers in his car) contend that the court erred in failing to submit their claims to the jury because there was an issue as to whether the tail light on the Flynn car was burning. In support of this contention it is urged that the questions of negligence, contributory negligence and proximate cause should have been resolved by a jury.

Assuming that Flynn was operating his automobile without the tail light burning in violation of KRS 189.050, appellants cannot recover the damages they seek against Flynn, unless the violation of the statute (KRS 189.050) was a proximate cause of the accident. Greyhound Terminal of Louisville, Inc. v. Thomas, 307 Ky. 44, 209 S.W.2d 478; Evans' Adm'r v. Cumberland Telephone & Telegraph Co., 135 Ky. 66, 121 S.W. 959. In view of Walling's admission that he saw Flynn's automobile in a well-lighted congested area for approximately 200 feet from the point of collision, there is no basis for the appellants' claim that Flynn's failure to have the tail light burning on his car was a proximate cause of the accident. It follows that the issue as to whether the tail light on Flynn's car was burning at the time of the collision becomes wholly immaterial. Knecht v. Buckshorn, 233 Ky. 329, 25 S.W.2d 727.

In giving the directed verdict against Walling and his passengers, the trial court found that Walling's negligence was the sole cause of the accident. The evidence clearly supports that finding. We have reached this conclusion because Walling continued to drive his car without materially reducing his speed when he had knowledge of the danger that lurked ahead of him on the highway. Walling had the duty of having his automobile under such control that he could proceed with reasonable care in the circumstances. Harris v. Luster, Ky., 259 S.W.2d 489. Walling breached this duty under the facts of this case. Since Walling's negligence was the sole proximate cause of the accident, the trial court correctly sustained Flynn's motion for a directed verdict. The judgment, insofar as it dismissed the claims of appellants (Walling and the passengers in his car), is affirmed.

However, the trial court erred in failing to direct a verdict for Flynn upon his counterclaim against Walling because there can be no contributory negligence on the part of Flynn when Walling's negligence alone was the sole proximate cause of the accident. See, 65 C.J.S. Negligence § 116, pp. 708, 709. The provisions of CR 59.01 authorizing a partial new trial, are particularly applicable to this case. Scuddy Mining Co. v. Couch, Ky., 295 S.W.2d 553. The issue as to Walling's liability was de-

termined as a matter of law. Therefore, the judgment to the extent that it dismissed the counterclaim is reversed, with directions to grant Flynn a new trial, limited to a determination of the amount of damages he sustained as a result of the accident.

On the direct appeal the judgment is affirmed; on the cross-appeal the judgment is reversed for further proceedings not inconsistent with this opinion.