**Alice PEAK, Administratrix of the Estate of Charles Peak; Alice Peak, Individually; and Michelle Peak, an Infant, Through Her Next Friend, Alice Peak, Appellants,**

v.

**BARLOW HOMES, INC., Appellee.**

**No. 87–CA–1611–MR.**

Court of Appeals of Kentucky.

Oct. 21, 1988.

Discretionary Review Denied by Supreme Court March 29, 1989.

Neil E. Duncliffe, Georgetown, for appellants.

Richard M. Compton, Georgetown, Robert H. Measle, R. Craig Reinhardt, Lexington, for appellee.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

COMBS, Judge.

This appeal is from a summary judgment granted by the Scott Circuit Court against the wrongful death and punitive damages claims of Alice Peak.

On July 17, 1986, Charles Peak, a passenger in a pickup truck driven by Lonnie Gorham, died as a result of injuries sustained when the pickup truck was hit by a Clay–Ingels Company, Inc. truck driven by Buford Townsend. The collision occurred when Townsend turned left into a Barlow Homes, Inc. service entrance off U.S. 62 immediately in front of the pickup truck.

Barlow Homes did not have a permit allowing them to maintain the service entrance pursuant to KRS 177.106.

Gorham and Peak had travelled that portion of U.S. 62 twice a day to and from work for a long period of time. All three men were familiar with the existence of the service road and the view of oncoming traffic at that point. Both drivers testified their view of the highway and oncoming traffic was clear and unobstructed.

Alice Peak, in several capacities, brought suit against Clay–Ingels and Barlow Homes for wrongful death and punitive damages. The appellant settled the wrongful death claim against Clay–Ingels. The court granted summary judgment to Barlow Home.

Mrs. Peak appeals claiming the trial court erred in granting summary judgment to appellee as she has presented issues of fact concerning the violation of KRS 177.-106 requiring a trial by jury.

Failure to comply with the terms of a statute is negligence *per se*. However, in an action for damages, the violation of the statute must be the proximate cause of the injury to permit recovery. *Blue Grass Restaurant Company v. Franklin,* Ky., 424 S.W.2d 594 (1968); *Greyhound Terminal of Louisville, Inc. v. Thomas,* 307 Ky. 44, 209 S.W.2d 478 (1948).

KRS 177.106, the statute violated by Barlow Homes, deals with the establishment of a condition, an entrance across and to property owned by the Commonwealth.

A prior and remote cause creating a condition for an incident to occur in does not in and of itself create liability. *Winders' Administrator v. Henry Bickel Company*, 248 Ky. 4, 57 S.W.2d 1009 (1933); *Gaines' Administratrix v. City of Bowling Green*, 235 Ky. 800, 32 S.W.2d 348 (1930).

We find the creation of the service entrance by Barlow Homes, while in violation of KRS 177.106, a condition too remote to be a proximate cause of Peak's death. When the original negligence is remote and only furnishes the occasion of the injury, it is not the proximate cause thereof. *Commonwealth, Department of Highways v. Graham*, Ky., 410 S.W.2d 619 (1967).

When parties act with full knowledge of the prevailing conditions, as in the case *sub judice*, there is no duty to warn nor is there an actionable claim against a third party for injuries that involve the condition itself. *Forman v. Silver*, Ky., 313 S.W.2d 420 (1958).

Therefore, there being no genuine issue as to any material fact and Barlow Homes entitled to a judgment as a matter of law, the judgment of the Scott Circuit Court is affirmed.

All concur.