## Manatis v. Cumberland & Manchester Railroad Company.

(Decided December 6, 1927.)

### Appeal from Knox Circuit Court.

1. Carriers.—Person who enters carrier's depot, intending to take passage upon its train due to depart within 30 minutes, with means on hand to pay his fare, and who either purchases a ticket or announces his intention to do so to the carrier's agent, acquires the status of a passenger and is entitled to protection as such.

2. Carriers.—Where depot agent agrees to keep waiting room open for person who announces his intention to take train, and who purchase ticket or announces his purpose to do so, the person acquires the status of a passenger whether or not train is due within 30 minutes.

3. Carriers.—Where person entering carrier's depot does not purchase railroad ticket or announce his intention to do so within 30 minutes before train's departure, or does not purchase or announce intention to purchase and obtain leave to wait if train is not due within 30 minutes, carrier is not charged with notice of person's intention to become passenger and is under no obligation to treat him as a passenger.

4. Carriers.—Petition against railroad, alleging indecent and insulting conduct of railroad's agent and others towards plaintiff, who was in its depot waiting to take passage upon train of a different

railroad, held demurrable without further allegations showing arrangement between railroads whereby defendant obligated itself in some manner to care for passengers of the other railroad.

5. Carriers.—General public visiting carrier's depot waiting rooms are regarded as mere licensees to whom carrier owes no duty except to abstain from wilful or wanton personal injury.

6. Carriers.—Railroad held not liable for indecent assault by its employees on plaintiff waiting in depot for train of different railroad, since such conduct was an independent wrong committed by the employees as individuals and out of the line of their duty, for which the doctrine of respondeat superior could not be invoked.

W. A. BRITTAIN for appellant.

THOMAS D. TINSLEY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

Rebecca Manatis filed an action in the Knox circuit court against the Cumberland & Manchester Railroad Company for damages growing out of a breach of duty alleged to be due her as a prospective passenger while in its depot. The court sustained a demurrer to the petition as twice amended, and plaintiff has appealed. In substance, the petition as amended alleges that the defendant maintains a passenger station and depot at Heidrick, at the junction of its railroad with that of the L. & N. R. R. Co.; that plaintiff desired to become a passenger on L. & N. train No. 21, which was due to arrive at Heidrick at about 5 a. m.; that on the night of October 3d and morning of October 4th she informed defendant's agents in charge of the depot at Heidrick of her wish to take passage on train No. 21 and inquired of them if the depot and waiting room for ladies attached thereto would be kept open for the arrival of that train, and that those agents represented and stated to her that its said depot was then open and would be kept open for her and other persons until the arrival of said train No. 21. It is further alleged that Heidrick was then a regular station and stopping point for all trains on both railroads; that it was a rule and custom of defendant to keep its depot open for passengers of the L. & N. R. R. Co., including train No. 21, as well as passengers desiring to take passage on its own trains; that this custom had been followed for a long time, and was in practice at the time stated, and was well

understood by the agents and servants of defendant with whom she dealt; and that they informed her that such was the custom, and, upon being thus informed by those in charge of the depot and waiting room she remained in the ladies' waiting room until the arrival of train No. 21, and the defendant company by its agents and those in charge of its depot then and there accepted her as a passenger to take passage on train No. 21. She further alleges that after being so assigned to the waiting room and while waiting for the arrival of train No. 21 at the depot and in that room, the agents and servants of the defendant company in charge of the depot and others made indecent proposals to her, and offered to have sexual intercourse with her, and forcibly assaulted her for that purpose, and attempted to rape her to her great pain, humiliation, etc.

Plaintiff insists that under the facts stated she acquired the status of a passenger to whom the defendant owed the highest degree of care; that it failed to exercise such care and thereby breached its duty to her; and that this constitutes a cause of action. Considering this question, a person who bona fide intends to take passage upon a carrier's train and enters its depot with that intention, within a reasonable time before the train's departure upon which he intends to take passage (30 minutes by our statute), with the means at hand to pay his fare, and either purchases a ticket or announces his intention so to do to the carrier's agent, thereby acquires the status of a passenger and is entitled to protection as such. I. C. R. R. Co. v. Laloge, 113 Ky. 896, 69 S. W. 795, 62 L. R. A. 405; 4 R. C. L. 1031-1033.

No doubt, where such person announces his intention of departing on a train not due within 30 minutes, if the agent agrees to keep the waiting room open for him until the arrival of such train, the same principle would apply. But unless such person purchases a ticket or announces his purpose so to do as above indicated within 30 minutes before the train's departure, or does this and obtains such leave if the train is not due within that time, the carrier is not charged with notice of his intention and is under no obligation, contractual or otherwise, to treat him as a passenger. I. C. R. R. Co. v. Laloge, supra.

The petition in this case does not meet all these requirements. Its weakness consists of the fact that it is not alleged that plaintiff intended to take passage on any

of *defendant's* trains or made any inquiries or arrangements to that effect, but specifically stated her purpose was to take an *L. & N. train*. It is not alleged that there was any arrangement, contractual or otherwise, between the L. & N. railroad and the defendant, whereby the defendant sells tickets for the L. & N., or obligates itself in any manner to care for the passengers of that railroad, or assumes any responsibility for them or undertakes any duty toward them, and it cannot be said that the plaintiff in any sense occupied the status of a passenger of the defendant carrier. Hence its duty toward her was only that it owed the general public visiting its waiting rooms, who are regarded as mere licenses to whom the carrier owes no duty except to abstain from wilful, wanton, or personal injury. See I. C. R. R. Co. v. Laloge, supra; 4 R. C. L. sec. 501, p. 1050, and cases cited.

Considering the petition in this light, the defendant was clearly not liable for any injuries perpetrated by third persons, and this rule would apply also to its own servants, for if the assault was made by one of these, such conduct would not arise out of any duty owed plaintiff by the carrier, but would be an independent wrong committed by the servant as an individual and out of line of his duty for which the doctrine of respondeat superior could not be invoked. See C., N. O. & T. P. R. R. v. Wilson, 161 Ky. 640, 171 S. W. 430; Hines, Director, v. Walls, 194 Ky. 379, 239, S. W. 451; C., N. O. & T. P. Ry. Co. v. Rue, 142 Ky. 694, 134 S. W. 1144; 34 L. R. A. (N. S.) 200; C. & O. R. R. Co. v. Ford, 158 Ky. 800, 166 S. W. 605.

Wherefore, perceiving no error, the judgment is affirmed.