## WHEELER v. SOUTHEASTERN GREYHOUND LINES, Inc.

Court of Appeals of Kentucky.
March 23, 1951.

S. J. Stallings, Charles B. Zirkle, Louisville, for appellant.

J. L. Richardson, Jr., Louisville, Stoll, Keenon & Park, Lexington, for appellee.

SIMS, Justice.

Mrs. Kathryn C. Wheeler sued the Southeastern Greyhound Lines for $9105 damages she alleged she sustained in breaking her right leg in a fall on the slippery floor in the vestibule of the company's depot in Lexington. The first trial resulted in a verdict in her favor for the sum of $1572. A new trial was granted to the company to which Mrs. Wheeler objected and filed her bill of exceptions. On the second trial the court directed a verdict for the company and Mrs. Wheeler is asking that we reverse the judgment entered thereon and direct the court to substitute the first verdict for the last one and to enter judgment for her in the amount of $1572.

The only error assigned is the trial court erred in granting a new trial and in

directing a verdict in favor of the company on the second trial. A proper consideration of the issue makes it necessary that we give a brief resume of the evidence.

The vestibule was covered overhead and was enclosed on three sides but was open on the northeast leading onto Main Street. It was raining at the time of the accident, which occurred between 7:00 and 8:00 p. m., on Nov. 2, 1947, and had rained the two previous days. The floor of the vestibule which leads into the company's terminal in Lexington was constructed of terrazzo and there was no rubber mat or other protecting covering on it. The rain was coming from the northeast and blew directly into the vestibule, which had become wet and slippery from rain as well as from dirt tracked into it by the many people entering the bus station. There is no contention that the floor of the vestibule was improperly constructed or that it had snow or ice on it, and the claim of negligence is that the company wrongfully permitted this floor to become slippery from rain and dirt tracked onto it.

Mrs. Wheeler, who was 37 years of age, testified she was walking rapidly, as was her custom, into the vestibule, intending to take a bus for Louisville. She previously had purchased her ticket at this terminal for the trip. Mrs. Wheeler was wearing high-heel shoes, was paying no attention to the condition of the floor and just as she reached for the handle on a door leading from the vestibule into the main lobby of the station, her feet slipped from under her on the slick floor. She fell in a sitting position and broke her right leg. While Mrs. Wheeler admitted she did not observe the condition of the floor of the vestibule at the time she fell, she testified that she noticed immediately after the accident her coat, dress, underclothes and shoes were wet and muddy; that her clothing and shoes were not wet or muddy before she fell. There was no evidence that the vestibule was muddy, but it was shown it was wet from the rain and was dirty from many people having walked over it in entering the terminal through this vestibule from the sidewalk on a rainy day.

The facts in this case are strikingly like those in Curtis v. Traders National Bank, Ky., 237 S.W.2d 76. The two cases are as near parallel as it is possible to find. There, as here, appellant chiefly relied upon Lyle v. Megerle, 270 Ky. 227, 109 S. W.2d 598. Our opinion in the Curtis case distinguished it from the Lyle opinion, since the accident in the latter case happened "well inside the store and not in a vestibule or passageway from the street". The instant case is even a stronger one for the company than the Curtis case was for the bank, because here the vestibule was open on one side, while there it was completely enclosed. The Curtis opinion fully discusses the law applicable to the facts of that case and, as just said, the facts there are parallel and almost identical to those appearing in this record. Hence, we do not think it necessary to enter again into a discussion of the authorities since we could do no more than reiterate what was so clearly written in the Curtis opinion.

As Mrs. Wheeler had previously purchased her ticket for Louisville over the company's line and was entering its depot to board the Louisville bus at the time she fell, she acquired the status of a passenger when she entered the vestibule. Louisville & N. R. Co. v. Dixon, 176 Ky. 569, 195 S.W. 1099; Manatis v. Cumberland & M. R. Co., 222 Ky. 190, 300 S.W. 593. However, the company did not owe her the highest degree of care it would owe a passenger in transit, but only ordinary care to keep its premises and station in a reasonably safe condition. The Dixon and Manatis opinions can only be construed as so holding, while in Southeastern Greyhound Lines v. Woods, 298 Ky. 773, 184 S.W.2d 93, it was expressly so held.

There was no negligence on the part of the company in allowing the floor of this vestibule, which was open at one side, to become slippery from rain as well as dirt tracked on it by other passengers. Therefore, the court properly granted the company a new trial and on the second trial of the case correctly directed a verdict in favor of the company.

The judgment is affirmed.