## LOUISVILLE & N. R. CO. v. WEBB.

Court of Appeals of Kentucky.

April 25, 1952.

The Louisville & Nashville Railroad Company has appealed from a judgment rendered against it in favor of Mrs. Hubert Webb in the amount of $1,007.42.

The action is predicated upon the theory that the L. & N. Railroad Company, a Kentucky corporation, is liable for an alleged tort committed upon appellee by an employee of the New York Central Railroad Company, a New York corporation, while she was a passenger on a train owned and operated by the latter corporation.

Appellee purchased a round trip coupon ticket at the office of appellant in Bowling Green, Kentucky, which entitled her to passage over the lines of the L. & N. from Bowling Green to Louisville, over the Pennsylvania Railroad from Louisville to Indianapolis and thence to Muncie over the line of the New York Central. Apparently appellant's ticket agent at Bowling Green inadvertently detached the return coupons from her round trip ticket. While appellee was a passenger on the train of the New York Central, a controversy arose between its conductor and her concerning the return portion of her ticket. She claims that during the dispute the conductor insulted and abused her and that as a result of this experience her health has been impaired.

Upon her return to Bowling Green she instituted this suit for damages against the New York Central and the L. & N. Railroads. Process against both defendants was served on the ticket agent of the L. & N. at Bowling Green. The court sustained the motion of the New York Central to quash the service of summons and dismissed Mrs. Webb's action against it, but allowed the suit to proceed against the L. & N.

 After its demurrer was overruled, the L. & N. filed answer admitting that by mistake its agent at Bowling Green had issued appellee a one-way ticket although its agent had collected from her the fare for a round trip ticket. It offered to return to her the sum of $7.42, the difference in the two fares. It further averred that Mrs. Webb was safely transported from Bowling Green to Louisville and that the alleged mistreatment complained of by her

Coleman, Harlin & Orendorf, Bowling Green, for appellant.

V. R. Logan, B. M. Vincent, Brownsville, for appellee.

occurred while she was a passenger on the train owned and operated by the New York Central Railroad Company. The evidence introduced upon trial of the case substantiated the averments contained in appellant's answer.

We have carefully read the petition and do not find any allegation that charges appellant's agent with the commission, or participation in the commission of the alleged tort which is the basis of this suit. Apparently appellee is under the misapprehension that the selling of the ticket by appellant's agent is sufficient under these facts to create liability upon it. In Louisville & N. Railroad Company v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711, plaintiff, a resident of Louisiana, sued the Southern Railroad and the L. & N. jointly for personal injuries sustained while a passenger on a through train from New Orleans to Washington. The accident occurred in which plaintiff was injured while riding in a Southern coach over the Southern tracks in Virginia. Plaintiff had purchased a through ticket from the L. & N. agent in New Orleans. Service was had on both railroads in Louisiana. A verdict was rendered in favor of plaintiff against both the L. & N. and Southern. On appeal the court pointed out that the complaint made no allegation that plaintiff's injuries were caused by negligence of the L. & N. The only showing which connected the L. & N. was limited to that which revealed that the ticket was purchased at the L. & N. ticket office. The court reversed the case upon the ground that both railroads being common carriers, neither of them was under any duty to transport or assume any responsibility for the transportation of respondent beyond its own line. Also see Manatis v. Cumberland & M. R. Co., 222 Ky. 190, 300 S.W. 593; 13 C.J.S., Carriers, § 702, p. 1315.

■ It appears that the facts in the instant case present a theory of liability that is substantially the same as that relied upon in the Chatters case. Therefore, in the absence of agency, there is no liability upon appellant for the alleged tortious conduct of the servant of the New York Central Railroad Company. Inasmuch as the petition sounds in tort and not in contract, this precludes us from considering appellant's liability upon the contract theory of the case.

Appellant's demurrer to the petition should have been sustained.

The judgment is reversed for proceedings not inconsistent with this opinion.